**[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 425.]**

THE STATE EX REL. LANHAM *v*. OHIO ADULT PAROLE AUTHORITY.

THE STATE EX REL. PARKS *v*. OHIO ADULT PAROLE AUTHORITY.

THE STATE EX REL. DEJUTE *v*. OHIO ADULT PAROLE AUTHORITY.

THE STATE EX REL. HALL *v*. OHIO ADULT PAROLE AUTHORITY.

THE STATE EX REL. URBAN *v*. OHIO ADULT PAROLE AUTHORITY.

THE STATE EX REL. FELVER *v*. OHIO ADULT PAROLE AUTHORITY.

THE STATE EX REL. THOMAS *v*. OHIO ADULT PAROLE AUTHORITY.

THE STATE EX REL. AMBROSIA *V*. OHIO ADULT PAROLE AUTHORITY.

THE STATE EX REL. SEES *v*. OHIO ADULT PAROLE AUTHORITY.

THE STATE EX REL. CHAPPELL *v*. OHIO ADULT PAROLE AUTHORITY.

THE STATE EX REL. SALYERS *v*. OHIO ADULT PAROLE AUTHORITY.

**[Cite as *State ex rel. Lanham v. Ohio Adult Parole Auth.*, 1997-Ohio-104.]**

*Quo warranto and mandamus to compel Ohio Adult Parole Authority to cease and desist certain actions and to perform other actions—Causes dismissed, when.*

(Nos. 97-1358, 97-1393, 97-1398, 97-1402, 97-1415, 97-1447, 97-1460, 97-1494, 97-1568, 97-1717 and 97-1745—Submitted October 20, 1997—Decided December 24, 1997.)

IN QUO WARRANTO and MANDAMUS.

————————————

{¶ 1} Relators, inmates at Marion Correctional Institution, filed identical actions for writs of quo warranto or, in the alternative, writs of mandamus, to compel respondent, Ohio Adult Parole Authority ("APA"), to "cease and desist" certain actions and to perform other actions. In all but one of the cases, *State ex rel. Urban v. Ohio Adult Parole Auth.*, case No. 97-1415, the APA filed a Civ.R.

12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

{¶ 2} These causes are now before the court for a determination pursuant to S.Ct.Prac.R. X(5).

———————————

*William G. Lanham, Jr., pro se.*

*Robert Parks, pro se.*

*Joseph A. DeJute, pro se.*

*Donald Hall, pro se.*

*Anthony C. Urban, pro se.*

*Carl W. Felver, pro se.*

*Dale E. Thomas, pro se.*

*Ronald Ambrosia, pro se.*

*Daniel Sees, pro se.*

*Matthew J. Chappell, pro se.*

*Timothy Salyers, pro se.*

*Betty D. Montgomery*, Attorney General, and *C. Matthew Cooper*, Assistant Attorney General, for respondent in all cases but No. 97-1415.

———————————

***Per Curiam.***

{¶ 3} S.Ct.Prac.R. X(5) provides that in original actions other than habeas corpus filed here, "[a]fter the time for filing an answer or a motion to dismiss, the Supreme Court will either dismiss the case or issue an alternative or peremptory writ, if a writ has not already been issued." Dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relators' favor, it appears beyond doubt that relators can prove no set of

facts warranting relief. *State ex rel. Bowman v. Columbiana Cty. Bd. of Commrs.* (1997), 77 Ohio St.3d 398, 399, 674 N.E.2d 694, 695.

{¶ 4} For the reasons that follow, we dismiss these actions. First, relators are not entitled to the requested writs of quo warranto because although they challenge the qualifications of APA members, they do not claim entitlement to APA membership. *State ex rel. Fenwick v. Finkbeiner* (1995), 72 Ohio St.3d 457, 460, 650 N.E.2d 896, 898 ("[A] quo warranto claim may be brought by someone other than the Attorney General or a prosecuting attorney only when that person claims title to the office."); *State ex rel. Annable v. Stokes* (1970), 24 Ohio St.2d 32, 53 O.O.2d 18, 262 N.E.2d 863.

{¶ 5} Second, relators' alternative requests for writs of mandamus to compel the APA to "cease and desist" certain allegedly illegal actions also lack merit. "'Where a petition filed in the Supreme Court or in the Court of Appeals is in the form of a proceeding in mandamus but the substance of the allegations makes it manifest that the real object of the relator is for [a] [prohibitory] injunction, * * * the action must be dismissed for want of jurisdiction.'" *State ex rel. Governor v. Taft* (1994), 71 Ohio St.3d 1, 3, 640 N.E.2d 1136, 1137-1138, quoting *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.3d 141, 40 O.O.2d 141, 228 N.E.2d 631, paragraph four of the syllabus. We thus lack original jurisdiction to grant relators' request for prohibitory injunctive relief. *State ex rel. Crabtree v. Franklin Cty. Bd. of Health* (1997), 77 Ohio St.3d 247, 248, 673 N.E.2d 1281, 1283.

{¶ 6} Third, relators' claims for correction of their prison records based on R.C. 5145.01 and 5145.02, the good-time credit provisions of former R.C. 2967.19, and the APA's risk assessment/aggregate scoresheets, are likewise meritless. See, *e.g., Greenholtz v. Inmates of Nebraska Penal & Correctional Complex* (1979), 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668, 675 (no constitutional or inherent right to be conditionally released before the expiration of a valid sentence); *State ex rel. Hattie v. Goldhardt* (1994), 69 Ohio St.3d 123, 125-126, 630 N.E.2d 696,

698 (APA parole decision is discretionary and APA scoresheet is an internal guideline which neither alters discretionary nature of parole decision nor creates a constitutionally protected liberty interest.); *Pryor v. State* (Dec. 12, 1996), Franklin App. No. 96APE05-653, unreported, 1996 WL 715470 ("R.C. 5145.01 and 5145.02 create no legal duty on the part of the parole authority to release a prisoner before he has served the maximum term provided in his sentence."); *Elkins v. Holland* (Mar. 23, 1995), Allen App. No. 1-94-83, unreported, 1995 WL 141514 (Former R.C. 2967.19 does not reduce the maximum term of an indeterminate sentence.).

**{¶ 7}** Finally, relators' remaining claim is for certain information, *i.e.*, qualifications of APA members, rather than specific records. *State ex rel. Thomas v. Ohio State Univ.* (1994), 70 Ohio St.3d 1438, 638 N.E.2d 1041, citing *State ex rel. Fant v. Tober* (Apr. 28, 1993), Cuyahoga App. No. 63737, unreported, 1993 WL 173743 ("[R]elator's request for mandamus relief is denied to the extent that his public records request broadly sought respondents to search for records containing selected information."). Further, the APA has now provided most of the relators with this information. See *State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 580-581, 669 N.E.2d 835, 837 (A court can take judicial notice of facts indicating mootness of public records action in S.Ct.Prac.R. X[5] determination.).

**{¶ 8}** Based on the foregoing, it appears beyond doubt that relators are not entitled to the requested extraordinary relief in quo warranto and mandamus. Accordingly, we grant respondent's motions in case Nos. 97-1358, 97-1393, 97-1398, 97-1402, 97-1447, 97-1460, 97-1494, 97-1568, 97-1717, and 97-1745, and dismiss the causes. We also dismiss case No. 97-1415 *sua sponte*.

*Causes dismissed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————