THE STATE EX REL. WHITE, APPELLANT, *v.* GOLDSBERRY,
JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. White v. Goldsberry* (1999), 85 Ohio St.3d 153.]

(No. 98–2285—Submitted February 9, 1999—Decided March 31, 1999.)

154

*Michael T. White, pro se.*

***Per Curiam.*** White asserts in his sole proposition of law that the court of appeals erred in dismissing his mandamus action. For the reasons that follow, however, White's contentions lack merit.

First, the records sought by White do not exist, and appellees have no duty under R.C. 149.43 to create new records by searching for and compiling information from existing records. *State ex rel. Kerner v. State Teachers Retirement Bd.* (1998), 82 Ohio St.3d 273, 274, 695 N.E.2d 256, 258; *State ex rel. Lanham v. Ohio Adult Parole Auth.* (1997), 80 Ohio St.3d 425, 427, 687 N.E.2d 283, 285.

Second, appellees had no duty under R.C. 149.43 to transmit copies of the requested records to White in prison. *State ex rel. Iacovone v. Kaminski* (1998), 81 Ohio St.3d 189, 190, 690 N.E.2d 4, 5; *State ex rel. Mayes v. Holman* (1996), 76 Ohio St.3d 147, 149, 666 N.E.2d 1132, 1134.

Third, White had an adequate legal remedy to raise issues relating to the fairness of the grand jury selection process by motion to dismiss the indictment and direct appeal of his criminal conviction. R.C. 2731.05.

Fourth, to the extent that White requested his discharge from prison, habeas corpus, rather than mandamus, is the proper action. *State ex rel. Sampson v. Parrott* (1998), 82 Ohio St.3d 92, 93, 694 N.E.2d 463.

Finally, the court of appeals held that White failed to comply with the requirements of R.C. 2969.25(A) in commencing his mandamus action, and like the appellants in similar cases, White does not assert on appeal that R.C. 2969.25(A) is inapplicable to mandamus actions. See *State ex rel. Zanders v. Ohio Parole Bd.* (1998), 82 Ohio St.3d 421, 422, 696 N.E.2d 594, 594–595, and *State ex rel. Alford v. Winters* (1997), 80 Ohio St.3d 285, 286, 685 N.E.2d 1242,

1242–1243; cf. *Smith v. Walker* (1998), 83 Ohio St.3d 431, 432–433, 700 N.E.2d 592, 593.[1]

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

1. We overrule White's motion for default judgment. Although appellees failed to file a timely merit brief, we decline to reverse the judgment of the court of appeals because White's brief does not "reasonably appear[ ] to sustain reversal." S.Ct.Prac.R. VI(6).