JOURNAL ENTRY AND OPINION
Relator, James E. McElroy, Sr., seeks a writ of mandamus in order to compel the respondent, John Polito, Administrator, Cuyahoga County Probate Court, to produce copies of requested public records pursuant to R.C. 149.43, Ohio's Public Record Act. The respondent has filed a motion for summary judgment which we grant for the following reasons.
On or about September 1, 1999, the relator, through a written request addressed to the respondent, solicited "a copy of the micro-fiche records for males and females applying for marriage licenses in Cuyahoga County. I wish to obtain a copy of the microfiche at cost." Specifically, the relator requested that the respondent create and produce copies of an index of marriage license applications as made after April 1, 1998. On or about September 22, 1999, the respondent forwarded a written response to the relator's request which provided in part that:
 In response to your recent request for production of records please be advised that the court no longer produces microfiche records of marriage licenses.
 Beginning in 1998, the Court implemented a new computer system with integrated indices. We do not generate indices in the normal course of business and, therefore, cannot comply with your request. Any specific record can be accessed by providing the name or case number.
On October 4, 1999, the relator filed his petition for a writ of mandamus as based upon the failure of the respondent to create and produce copies of the requested microfiche. In response to the relator's petition for a writ of mandamus, the respondent filed, on November 1, 1999, a motion to dismiss or, in the alternative, motion for summary, which this Court shall treat as a motion for summary judgment.
The Supreme Court of Ohio has held that under R.C. 149.43, a custodian of public records possesses no duty to make copies of public records available by mail. State ex rel. Iacovone v.Kaminski (1998), 81 Ohio St.3d 189; State ex rel. Cheren v. Chiefof Police, Akron Municipal Police Dept. (1993), 67 Ohio St.3d 461; State ex rel. Fenley v. Ohio Historical Society (1992),64 Ohio St.3d 509; State ex rel. Nelson v. Tubbs Jones (1993),67 Ohio St.3d 438. Assuming that the records requested by the relator are indeed public records, the respondent possesses no duty to transmit copies of such records to the relator by mail. See, also, State ex rel. Mayes v. Holman (1996), 76 Ohio St.3d 147.
In addition, the Supreme Court of Ohio has firmly established that a custodian of public records possesses no duty, pursuant to R.C. 149.43, to create new records by searching for and compiling information from existing records. State ex rel. White v.Goldsberry (1999), 85 Ohio St.3d 153; State ex rel. Kerner v.State Teachers Retirement Bd. (1998), 82 Ohio St.3d 273; State exrel. Lanham v. Ohio Adult Parole Auth. (1997), 80 Ohio St.3d 425, quoting State ex rel. Pant v. Tober (Apr. 28, 1993), Cuyahoga App. No. 63737, unreported. Before access to a public record is ordered, a compilation of the information sought must already exist. State ex rel. Scanlon v. Deters (1989), 45 Ohio St.3d 376;State ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420;State ex rel. Kinsley v. Berea Bd. of Edn. (1990), 64 Ohio App.3d 659.
Attached to the respondent's motion for summary judgment is an affidavit that was properly executed by the respondent. The respondent, through his affidavit, avers in pertinent part that:
* * *
 5. The Probate Court maintains on microfiche separate male and female indices of Cuyahoga County marriage license applications applied for between 1810 and April 1, 1998;
* * *
 7. The above-reference microfiche index of marriage license Applications (1810 through April 1, 1998) separated into an index for males and an index for females, is readily available for inspection and copying by any person, during normal business hours at the Marriage License Department of Probate Court; copies are available at cost;
 8. Since April 1, 1998, all new marriage license applications are maintained on the Court's computer database and new applications (since April 1, 1998) are no longer indexed on microfiche;
 9. The Probate Court no longer (since April 1, 1998), updates its microfiche indices of male and female license applicants; rather, it maintains an integrated index as part of its computer database and is readily accessible to the public on computer monitors maintained by the Probate Court which makes searches for individual names;
 10. All marriage license applications, made since April 1, 1998, are maintained on the Probate Court's computer database, which has an integrated index feature that permits searches by the name of an applicant, whether male or female; but which is not programmed to produce a separate index of individuals applying for marriage licenses;
 11. The Probate Court's computer database is not programmed to produce a separate index of individuals, whether male or female, applying for marriage licenses since April 1, 1998;
 12. The Probate Court no longer produces microfiche records on marriage license applications made after April 1, 1998. However, the old microfiche applications are readily available for inspection by the public during normal business hours. Copies are available at cost;
 13. To the best of my knowledge, information and belief, only a special programming job that is neither currently needed nor required by the Probate Court, could a separate index of individuals who have applied for a license since April 1, 1998 be generated.
* * *
 16. Cuyahoga County Probate Court charges $.10 per page for uncertified paper copies of public records, including marriage licenses.
As evidenced by the respondent's sworn affidavit, a microfiche index of marriage license applications made between the year of 1810 and April 1, 1998 is readily available for inspection and copying at cost by the relator. No such microfiche index, for marriage license applications made after April 1, 1998, is currently produced or available for copying and inspection by the relator. In fact, the respondent possesses no general or specific duty to create and maintain such a index. State ex rel. White v.Goldsberry, supra.
Finally, the respondent's affidavit provides that uncertified copies of marriage license applications, at a cost of $.10 per page, are available to the relator. State ex rel. Butler Cty. BarAssn. v. Robb (1990), 66 Ohio App.3d 398; State ex rel. MayRidesv. Whitehall (1991), 62 Ohio App. 30, 225.[62 Ohio St.3d 203]
Accordingly, we grant the respondent's motion for summary judgment. Costs to relator.
Writ denied.
DIANE KARPINSKI, P.J. and ANNE L. KILBANE, J., CONCUR.
 _________________________ LEO M. SPELLACY JUDGE