[Cite as *Strothers v. Norton*, 2012-Ohio-2923.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97421**

# GERALD O. STROTHERS, JR.

RELATOR

vs.

# MAYOR OF EAST CLEVELAND, OHIO, GARY NORTON, JR.

RESPONDENT

**JUDGMENT:**
**WRIT DENIED**

Writ of Mandamus
Motion No. 448809
Order No.    455907

**RELEASE DATE:**   June 25, 2012

**FOR RELATOR**

Gerald O. Strothers, Jr., Pro se
14019 Northfield Avenue
East Cleveland, Ohio 44112


**ATTORNEYS FOR RESPONDENT**

Ronald K. Riley
Director of Law Department

Deborah Gooden Blade
Assistant Law Director
14340 Euclid Avenue
East Cleveland, Ohio 44112

LARRY A. JONES, J.:

{¶1} On October 14, 2011, the relator, Gerald Strothers, commenced this public records mandamus action against Gary Norton, Mayor of the city of East Cleveland. On October 24, Mayor Norton moved to dismiss, and Strothers filed a response on October 26, 2011. For the following reasons, this court sua sponte denies the application for a writ of mandamus, and denies the motion to dismiss as moot.

{¶2} In his complaint Strothers avers that at the September 6, 2011, September 20, 2011, and October 4, 2011 East Cleveland City Council meetings he asked the mayor "to review, inspect and copy obvious public records and their retention schedules pertaining to Traffic Camera Tickets." (Complaint pg. 3.) Strothers states that he attached his requests as Exhibits 1, 2, and 3 to the complaint. However, only Exhibit 1 is actually attached. It is a two-page document that could serve either as notes for an address or a press release. On page two of Exhibit 1 under the heading, "What records are requested?" Strothers asks generally for all financial records for East Cleveland, including accounts receivable, accounts payable, payroll data, hours worked, time cards, and checks paid out. He also asks for "Traffic Cam Records, how much we owe the traffic cam folks and profits made in 2011 if any." Finally, he asks for "Jail finances, costs of operation, checks paid for repairs, checks for medical doctors and licensed professionals." Although Strothers included extraneous material in his complaint and although he never made a proper Civ.R. 8(A) demand for judgment for the relief to which he claims to be entitled, it is apparent that he sought records relating to the traffic

cameras.[1]

{¶3} However, the initial "request" for records as stated in Exhibit 1 was an insufficient request upon which to base a public records mandamus action. In asking for "how much we owe the traffic cam folks and profits made in 2011 if any," Strothers did not request specific records so much as seek information. Under Ohio's Public Records Act, there is no duty to provide information or to prepare a record that would have that information. *State ex rel. Fant v. Mengel*, 62 Ohio St.3d 455, 584 N.E.2d 664 (1992); *State ex rel. Fant v. Mengel*, 62 Ohio St.3d 197, 580 N.E.2d 1085 (1991); and *State ex rel. Lanham v. Ohio Adult Parole Auth.*, 80 Ohio St.3d 425, 1997-Ohio-104, 687 N.E.2d 283. Furthermore, a prior records request is a prerequisite for a public records mandamus action. *State ex rel. Mahajan v. State Med. Bd. of Ohio*, 127 Ohio St.3d 497, 2010-Ohio-5995, 940 N.E.2d 1280, ¶ 59. Therefore, without establishing what authentic public records request was made, this mandamus action is ill-founded.

{¶4} Moreover, there is no duty to produce records pursuant to vague and indefinite requests. *State ex rel. Zauderer v. Joseph*, 62 Ohio App.3d 752, 577 N.E.2d 444 (10th Dist. 1989). The various formulations that Strothers used throughout his complaint and attachments for his traffic camera records requests also render his requests unenforceable. As mentioned previously, the complaint first mentions "obvious public

---

[1] Strothers expended a lot of effort trying to convince this court that this was an urgent elections writ. He attached a sample page from the November 2011 ballot showing that East Cleveland was considering a charter amendment on traffic cameras. He also alluded to a previous mandamus action for jail records and stated that the Mayor had not yet paid the statutory damages for that case.

records and their retention schedules pertaining to Traffic Camera Tickets." Then Strothers seeks "access to the financial documents." Next, he states the "records of tickets and payments received as well as all the financial information about the Traffic Cam programs." Then he concludes the complaint proclaiming that

> voters in East Cleveland deserve to know what is actually going on with the funds collected from traffic camera violations. How much of that money is going to the city and why the company owning those cameras is forced into suing the city to get their funds.

> {¶5} In his supporting affidavit, Strothers wants

> all Financial records pertaining to the Traffic Cameras currently appearing on the November 8, 2011 ballot as Issue 49. This includes checkbooks, remittances and submissions from all city offices pertaining to revenue collected or amounts owed to ATS or related collection agencies, firms or companies.

In the affidavit, Strothers also renews his request for "all financial records pertaining to the operation of the East Cleveland Ohio Jail. Records Requested are from November 9, 2010 to Present." (Capitals and punctuation in the original.) In his reply brief Strothers states that he seeks "the audit of records as requested." This court declines to choose from among these inconsistent requests which is the real one.

{¶6} Additionally, the petition is defective because it is improperly captioned. Strothers styled this petition as "Gerald O. Strothers, Jr. v. Mayor of East Cleveland, Ohio, Gary Norton, Jr." R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. *Maloney v. Court of Common Pleas of*

*Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962).

{¶7} Accordingly, this court denies the application for a writ of mandamus. Relator to pay costs. This court directs the Clerk of the Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶8} Writ denied.

---

LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR