[Cite as *Reinel v. Butler Cty. Aud.*, 2018-Ohio-2914.]

| | |
|---|---|
| STEVEN J. REINEL | Case No. 2018-00441PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| BUTLER COUNTY AUDITOR, ET AL. | |
| Respondent | |

{¶1} On March 14, 2018, requester Steven J. Reinel filed a complaint pursuant to R.C. 2743.75 alleging denial of access to public records by respondent Butler County Auditor in violation of division R.C. 149.43(B). Following unsuccessful mediation respondent filed an answer and motion to dismiss (Response) on May 17, 2018. On May 18, 2018, the special master issued an order directing Reinel to file a reply stating each request that he alleged remained unsatisfied, and identifying in as much detail as possible what specific, existing records had been withheld. The court accepted Reinel's June 8, 2018 memorandum (Reply) submitted in response to the order.

{¶2} Ohio's Public Records Act, R.C. 149.43, provides a remedy for production of records under R.C. 2743.75 if the court of claims determines that a public office has denied access to public records in violation of R.C. 149.43(B). "[O]ne of the salutary purposes of the Public Records Law is to ensure accountability of government to those being governed." *State ex rel. Strothers v. Wertheim*, 80 Ohio St.3d 155, 158, 684 N.E.2d 1239 (1997). Therefore, the Act "is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records." *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996). Claims under R.C. 2743.75 are determined using the standard of clear and convincing evidence. *Hurt v. Liberty Twp.*, 5th Dist. Delaware No. 17CAI050031, 2017-Ohio-7820, ¶ 27-30.

{¶3} In response to the court order of May 18, 2018, Reinel submitted a reply stating that the remaining disputes are:

> I would like the following answered by Butler County, since I believe there should be Public Records regarding this.
>
> 1) Just to be clear.
>
> * * *
>
> I want to know how you calculated the increase of $21,620 from 2013 to 2014. And I want to know how you calculated the decrease of $4860 in January, 2018, for the years 2014, 2015, and 2016.
>
> * * *
>
> 2) You stated in your email sent to me on 01/30/2018 @11:23 am. "Based on your recommendation, we will consider increasing your neighbors [sic] psf to $2.72 during the next revaluation."
> Please show me where I recommended that you increase my neighbor's property taxes to $2.72 psf. during the next revaluation.

(Reply at 1.) Reinel made these requests on January 30, 2018 (Complaint at 5) and January 31, 2018 (*Id.* at 3), respectively.

**Requests for Information and to Create New Records**

{¶4} Reinel states that in response to his questions regarding "calculation," the Auditor advised him only that his "office used proprietary software and entered new information associated with the sketch change. The difference in the value before the sketch change and after the sketch change resulted in the decrease of $4860." (Reply at 1.) Respondent asserts that "[e]xplanations of valuations methods, how values are calculated and requests for further comment about previous email exchanges do not constitute public records requests." (Response at 1.) In response to a question or request for information, a public office has "no duty under R.C. 149.43 to create new records by searching for and compiling information from existing records." *State ex rel. White v. Goldsberry*, 85 Ohio St.3d 153, 154, 707 N.E.2d 496 (1999). For example, the Ohio Adult Parole Authority properly denied a public records request for "qualifications of APA members." *State ex rel. Lanham v. State Adult Parole Auth.*, 80 Ohio St.3d 425,

427, 687 N.E.2d 283 (1997). *Accord State ex rel. Morabito v. Cleveland*, 8th Dist. Cuyahoga No. 98820, 2012-Ohio-6012, ¶ 14 (request for written "confirmation of * * * why, how, when, and by whom the video was destroyed – are not authentic public records requests, but requests for information outside the scope of R.C. 149.43.") Thus, the Auditor properly denied the request to provide an explanation for his execution of a public function. Instead of requesting a copy of an existing record, such as the tables, algorithms or other bases adopted to calculate tax valuations, Reidel asked the Auditor "how you calculated the increase" and "how you calculated the decrease." Reidel asked for answers to questions – "I have asked for very specific answers to valuations, calculations, * * * " (Complaint at 1) – rather than asking for particular records.

{¶5} Likewise, the request to "show me where I recommended that you increase my neighbor's property taxes to $2.72 psf. during the next revaluation" is not an authentic public records request, but a request for information in the form of a newly created record, i.e., the Auditor's confirmation and/or comment regarding Reinel's own correspondence. This is confirmed by Reinel's requested relief: "I have asked for very specific answers to * * * misquoting me in emails" (Complaint at 1), and "I really would like an email stating that he was mistaken." (Reply at 2.) I find that the Auditor properly denied this request as well.

{¶6} Although denial of these requests was proper, the parties retain the ability to continue negotiating their respective interests in obtaining and providing records sought, including making new requests that sufficiently specify particular records. *See Gannett GP Media, Inc. v. Ohio Dep't of Pub. Safety*, Ct. of Cl. No. 2017-00051-PQ, 2017-Ohio-4247, ¶ 9-15. Such discussions could include the Auditor providing its records retention schedules relevant to the requests, and Reidel narrowing his requests using this and other information obtained through discussion. *Nat'l Fedn. of the Blind of Ohio*, 10th Dist. Franklin No. 09AP-1177, 2010-Ohio-3384, at ¶ 39. The parties are encouraged to cooperate going forward to achieve mutually acceptable resolution of

their interests. *See State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 18-20.

**Conclusion**

{¶7} Upon consideration of the pleadings and attachments, I recommend that the court DENY Reinel's claim for relief as to the requests identified in his reply because they ask for information rather than specific existing records, and/or ask for the creation of new records.

{¶8} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFFERY W. CLARK
Special Master

**Filed June 25, 2018**
**Sent to S.C. Reporter 7/24/18**