[Cite as *Wilhelm v. Jerusalem Twp. Zoning*, 2020-Ohio-5283.]

| | |
|---|---|
| KAREN WILHELM | Case No. 2020-00342PQ |
| Requester | Special Master Jeff Clark |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| JERUSALEM TOWNSHIP ZONING | |
| Respondent | |

{¶1} Ohio's Public Records Act, R.C. 149.43, provides a remedy for production of records under R.C. 2743.75 if the Court of Claims determines that a public office has denied access to public records in violation of R.C. 149.43(B). The policy underlying the Act is that "open government serves the public interest and our democratic system." *State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20. Therefore, the Act is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records. *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 13.

{¶2} Requester Karen Wilhelm sent correspondence to respondent Jerusalem Township from February 11, 2020 through May 28, 2020 requesting answers to questions about certain township zoning decisions. The Township answered some of the questions and referred her to relevant sections of the Jerusalem Township Zoning Resolution and to her negotiated agreement in related litigation in the Oregon Municipal Court. (Complaint at 2-33.)

{¶3} On June 1, 2020, Wilhelm filed a complaint pursuant to R.C. 2743.75 alleging that the Township had denied access to public records in violation of R.C. 149.43(B). Following unsuccessful mediation, the Township filed a response and motion to dismiss (Response) on September 3, 2020. On September 28, 2020, Wilhelm filed a reply.

**Burdens of Proof**

{¶4} Entitlement to relief in an action filed under R.C. 2743.75 must be established by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). When a defense of ambiguity or overbreadth is raised, the requester must show that she reasonably identified the record sought:

> "[I]t is the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue." *State ex rel. Fant v. Tober*, 8th Dist. Cuyahoga No. 63737, 1993 Ohio App. LEXIS 2591, 1993 WL 173743, *4 (Apr. 28, 1993), *aff'd*, 68 Ohio St.3d 117, 623 N.E.2d 1202 (1993).

If an office asserts that a requested record does not exist, the requester must show that it does. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 22-26. If a document's status as a "record" of the public office is denied, the burden remains on the requester to establish that status. *State ex rel. O'Shea & Assocs. Co., L.P.A. v. Cuyahoga Metro. Hous. Auth.*, 131 Ohio St.3d 149, 2012-Ohio-115, 962 N.E.2d 297, ¶ 23.

**Motion to Dismiss**

{¶5} In order to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the claimant can prove no set of facts warranting relief after all factual allegations of the complaint are presumed true and all reasonable inferences are made in claimant's favor. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 581, 669 N.E.2d 835 (1996). As long as there is a set of facts consistent with the complaint that would allow the claimant to recover, dismissal for failure to state a claim is not proper. *State ex rel. V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184, ¶ 10. The unsupported conclusions of a complaint are, however, not admitted and are insufficient to withstand a motion to dismiss. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 193, 532 N.E.2d 753 (1988).

{¶6} The Township moves to dismiss the complaint on the grounds that, 1) it has satisfied Wilhelm's requests for specific records, 2) some records sought do not exist, and 3) the remainder of the requests are for information or explanations, rather than for specific, existing records. Under the abbreviated pleading procedure in this form of action (*see* R.C. 2743.75(D)(1) and (E)(2)) the Township's defenses have been filed as a combined response and motion to dismiss. On consideration of the motion to dismiss, I find the grounds for dismissal are not established on the face of the complaint. Moreover, as the matter is now briefed I find that the arguments are subsumed in the arguments to deny the claim on the merits. I therefore recommend that the motion to dismiss be denied and the matter determined on the merits.

**Request and Correspondence**

{¶7} On April 28, 2020, respondent's trustees sent Wilhelm a letter answering several of her written questions about receipt and investigation of zoning complaints,[1] but declining to answer the following questions:

> How would [being licensed and inspected for seaworthiness] have made [boats stored on my property] look any better?

> I want to know what page of any of the zoning books that this is a requirement as Lucas County Planning Commission said we are good for what we had going on. Please review the 1964 zoning book, the boats were in the water or in storage on the above properties from the 1950's until being forced to remove them in winter 2019. I can't seem to find it.

> What Ohio revised code is this under?

> Between January 21, 2016 & February 11, 2020, what other commercial or residential properties have been forced to do this?

---

[1] Wilhelm did not attach a copy of her February 11, 2020 request letter (Complaint at 14, 30), as required by R.C. 2743.75(D)(1). However, the Township has not objected to this omission, and both parties have proceeded as though the text referenced in the trustees' April 28, 2020 letter is an accurate representation of Wilhelm's questions.

(Complaint at 15-17.) On May 19, 2020, Wilhelm added the following questions:

> I am requesting the SOURCE that Ms. Rossler quoted the below as a requirement for boat storage on my C-2 property in Jerusalem Township.
>
> Boats must be licensed.
>
> Boats must be safety inspected by ODNR
>
> Boats must be seaworthy by ODNR?
>
>      * * *
>
> Do I need different zoning to have any boats on my property?
>
> What are the township requirements for boat storage on C-2 property?
>
> What are the requirements for boat repairs on C-2 property?
>
>      * * *
>
> If you do not understand these *questions*, please let me know ASAP and I will explain.

(Emphasis added.) (*Id.* at 13-14.) On May 22, 2020, a responding township trustee repeated that some of Wilhelm's May 19, 2020 questions were the subject of and had been resolved in enforcement litigation in the Oregon Municipal Court. He also cited specific sections of the Jerusalem Township Zoning Resolution as regulations relevant to her questions. (*Id.* at 11-12.) Later that day, Wilhelm replied:

> That is not what I am looking for. I am looking for the SOURCE that Ms. Rossler used. * * * If zoning is following that rule, *why* are the storage facilities not required to do the same and what about winter storage? * * * You're not providing me with the *information* I have requested.

(Emphasis added.) (*Id.* at 10-11.) On May 26, 2020, the trustee responded again, providing an online link to the Zoning Resolution, and referring Wilhelm to the agreement she had signed with the Oregon Prosecutor. (*Id.* at 8-9.) In her next reply, Wilhelm rephrased:

> I am looking for *the legal requirement* that required the expensive and extra efforts that the township required us to do.
>
> The research I have done states that a prosecutor believes what zoning is telling them and they do not do research.
>
>     * * *
>
> If extra requirements are in place all of the township should be required to do it and have the documents available for review. This is in the definition of public records attached.

(Emphasis added.) (*Id.* at 7-8.) In the next communications, the trustee provided additional advice regarding options available to Wilhelm. In the final communication, Wilhelm repeated her question:

> I want the source that Ms. Rossler found that states the boats need to be licensed, safety inspected and deemed sea worthy or they are considered blight. The township has wording for automobiles. I want the wording for boats.

(Complaint at 5.)

**The Requests do not Reasonably Identify Records Sought**

{¶8} It is "the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue." *State ex rel. Zidonis v. Columbus State Community College*, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861, ¶ 21. A request that does not reasonably identify what public records are being requested may be denied. R.C. 149.43(B)(2).[2] Judicial determination of whether an office has properly denied all or part of a request as ambiguous or overly broad is based on the facts and circumstances in each case. *Zidonis* at ¶ 26.

---

[2] If a requester makes an ambiguous or overly broad request or has difficulty in making a request for copies or inspection of public records under this section such that the public office or the person responsible for the requested public record cannot reasonably identify what public records are being requested, the public office or the person responsible for the requested public record may deny the request * * *. R.C. 149.43(B)(2).

{¶9} Accordingly, in response to a question or request for information that does not identify the records sought, a public office has "no duty under R.C. 149.43 to create new records by searching for and compiling information from existing records." *State ex rel. White v. Goldsberry*, 85 Ohio St.3d 153, 154, 707 N.E.2d 496 (1999); *State ex rel. Lanham v. State Adult Parole Auth.,* 80 Ohio St.3d 425, 427, 687 N.E.2d 283 (1997) (APA properly denied a request for the "qualifications of APA members"). This includes requests for records supporting or explaining an agency decision. *State ex rel. Morabito v. Cleveland*, 8th Dist. Cuyahoga No. 98820, 2012-Ohio-6012, ¶ 14 (requests for information, including "why, how, when, and by whom" a video was destroyed, "are not authentic public records requests"); *Kovach v. Geauga Cty. Auditor's Office*, Ct. of Cl. No. 2019-00917PQ, 2019-Ohio-5455, ¶ 9-10 (office properly denied requests seeking explanations or reasons for the execution of public functions, and to admit or deny factual representations).

{¶10} Wilhelm's questions ask: 1) how do the Township's requirements make her boats look any better, 2) what regulations, statutes, or other "sources" underlie the Township's requirements and actions, and 3) why are others not held to the same standards? None of these questions identify any office document by a relevant combination of title, date, author, recipient, location, retention category, subject matter, document type, or other locator/identifier. They instead invite the Township to create a reply letter or make a verbal response explaining the purpose, bases, and effects of its zoning actions.

{¶11} The Public Records Act does not prohibit the Township from providing answers to Wilhelm's requests for information. However, it is not within the court's jurisdiction under R.C. 2743.75 to compel a public office to answer questions. I find that Wilhelm's requests did not reasonably identify any township record sought. I conclude that the Township properly denied the requests pursuant to R.C. 149.43(B)(2).

**Non-Existent Records**

A "record" is defined for purposes of the Public Records Act as

> any document, device, or item, regardless of physical form or characteristic, including an electronic record as defined in section 1306.01 of the Revised Code, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office.

R.C. 149.011(G). A document must be one "created or received by or coming under the jurisdiction of any public office" to meet this definition and thus must exist before it can be the subject of a "records" request. A public office has no duty to provide records that do not already exist or that it does not possess. *State ex rel. Alford v. Toledo Corr. Inst.*, 157 Ohio St.3d 525, 2019-Ohio-3847, 138 N.E.3d 1133, ¶ 5; *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 7-10; *State ex rel. Gooden v. Kagel*, 138 Ohio St.3d 343, 2014-Ohio-869, 6 N.E.3d 471, ¶ 5, 8-9; *State ex rel. Lanham v. Smith*, 112 Ohio St.3d 527, 2007-Ohio-609, 861 N.E.2d 530, ¶ 15.

{¶12} The Township asserts that it provided all requested documents "to the extend [sic] such documents existed" (Response at 3; Borell Aff. at ¶ 4), adding that "Ms. Wilhelm refuses to accept and/or understand that she has requested documents that do not exist." (Response at 4.)  Borell's affidavit is some evidence supporting the non-existence of records. *State ex rel. Fant v. Flaherty,* 62 Ohio St.3d 426, 427, 583 N.E.2d 1313 (1992). *See also State ex rel. Toledo Blade Co. v. Toledo-Lucas County Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 14-15. Once the Township denies that responsive records exist, it is Wilhelm's burden to show by clear and convincing evidence that additional records do exist. *Cordell* at ¶ 8.

{¶13} Wilhelm states that the information and answers she seeks "should" exist. However, a requester's mere belief in the existence of records does not constitute the clear and convincing evidence necessary to overcome this denial and establish that responsive documents exist. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's*

*Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, ¶ 22-26; *State ex rel. Morabito v. Cleveland*, 8th Dist. Cuyahoga No. 98829, 2012-Ohio-6012, ¶ 13. To further evaluate whether Wilhelm's requests could be construed to describe any existing records kept by the Township, the special master directed her to "Provide a description reasonably identifying any specific, existing records kept by Jerusalem Township Zoning that are responsive to each request, but have not been provided." (September 8, 2020 Order.) Wilhelm responded:

> The township *should have something* from the Ohio Department of Natural Resources – Watercraft Division that states they perform "Seaworthy "inspections. A website link, a letter from ODNR, a watercraft officer or staff the township would have had communication with. This would be something that the township used in their decision making process. I had discussions with a watercraft officer and a member of the office staff and was told they do not perform this type of inspection.
>
> Requirements that the boats need to be licensed and safety inspected are not listed as a requirement on any zoned property to have watercraft in storage, this *should be something* listed in our local zoning book or in Ohio Revised Code *maybe*. The storage yards and marinas in our area have no information on this.

(Emphasis added.) (Complaint at 1.) Wilhelm reaffirms that she is asking questions about information "that the township used in their decision making process." She asks for "something" that she believes the Township "should have" from the ODNR such as a "website link, a letter from ODNR, a watercraft officer or staff the township would have had communication with." However, links, letters, and the names of outside agency officers with whom the township has communicated are not "records" of the township unless they are recorded in specific, existing documents kept by the Township. Only documents may be requested as public record, not unrecorded information that exists, if at all, only in the memory of a Township official or employee. Wilhelm's further description of "requirements" that "should be something listed in our local zoning book

or in Ohio Revised Code maybe" appears to be a demand to newly codify "requirements," and fails to reasonably identify specific, existing Township records.

{¶14} Even assuming that Wilhelm had sufficiently described putative records, I find she has not proven by clear and convincing evidence that such records actually existed in the Township's files at the time of the requests.

**Suggestion of Mootness**

{¶15} To the extent that the Township discerned that its Township Zoning Resolution and one agency email were relevant to Wilhelm's questions, and provided them (Borell Aff. at ¶ 4-5), any request for those records is moot.

**Conclusion**

{¶16} Upon consideration of the pleadings and attachments, I recommend that the court DENY requester's claim for production of records. I recommend that costs be assessed to requester.

{¶17} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____
JEFF CLARK
Special Master

**Filed October 1, 2020**
**Sent to S.C. Reporter 11/13/20**