[Cite as *Kahn v. Dept. of Commerce, Div. of Cannabis Control*, 2025-Ohio-1293.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| YASHA KAHN | Case No. 2024-00703PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>DECISION AND ENTRY</u> |
| DIVISION OF CANNABIS CONTROL OF THE DEPARTMENT OF COMMERCE | |
| Respondent | |

**{¶1}** In this public-records case, Requester, a self-represented litigant, objects to a Special Master's Report and Recommendation. Respondent opposes Requester's Objections. The Court overrules Requester's Objections and adopts the Report and Recommendation for reasons explained below.

### I. Background and Procedural History

**{¶2}** On September 30, 2024, Requester filed a Complaint under R.C. 2743.75(D) in which Requester alleged:

> On July 3, 2024, I submitted my second records request to the department. This request included, among other things, some of the same data I had previously received under the settlement agreement to my first request. To date, none of the records from this second request have been provided, and my request was formally denied.
>
> The outstanding records that have not been provided pertain to the entirety of the data requested on July 3, 2024. This includes records that were previously supplied under the settlement of my initial request, as well as additional data outlined in the second request.

{¶3} The Court appointed a Special Master who referred the case for mediation. After mediation failed to successfully resolve all disputed issues between the parties, the case was returned to the Special Master's docket.

{¶4} On February 18, 2025, the Special Master issued a Report and Recommendation (R&R). The Special Master describes Requester's request as follows: "Requester Yasha Kahn made a public records request to DCC for a compilation of certain data points included in all reports submitted from January 1, 2019 through July 3, 2024." (R&R, 2.) The Special Master found well taken Respondent's contentions that Requester seeks the creation of a new record and that Requester's request is overbroad. The Special Master "recommend[s] that:

A. Judgment be entered for respondent, and

B. Requester bear the costs of this case.

(R&R, 4.)

{¶5} On February 25, 2025, Requester filed written Objections to the Report and Recommendation. In a Certificate of Service accompanying the Objections, Requester certif[ies] that a copy of this Supporting Evidence of Requestor [sic] was served … via regular U.S. Mail this 24th day of February 2025." [1]

{¶6} On March 6, 2025, Respondent filed a response to Requester's Objections. Respondent's response is accompanied by a Certificate of Service in which Respondent's counsel certifies that a copy of the Response was served on Requester "via electronic mail and regular U.S. Mail." [2]

{¶7} Pursuant to R.C. 2743.75(F)(2), Requester's Objections are before the Court for determination and the case is before the Court for a final judgment. *See* R.C. 2743.75(F)(2) ("[t]he court, within seven business days after the response to the objection

---

[1]      Requester's service of the Objections is not in conformity with requirements contained in R.C. 2743.75(F)(2). Under R.C. 2743.75(F)(2) either party "may object to [a] report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by *certified mail, return receipt requested*." (Emphasis added.)

[2]      Respondent's service of its Response is not in conformity with requirements contained in R.C. 2743.75(F)(2). Under R.C. 2743.75(F)(2), if either party timely objects, the other party "may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party *by certified mail, return receipt requested*." (Emphasis added.)

is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation").

## II. Law and Analysis

### A. Legal Standard, Respondent's Objections, and Requester's Response.

{¶8} Through the enactment of R.C. 2743.75 the General Assembly created an alternative means to resolve public-records disputes. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 11. *See* R.C. 2743.75(A). Under Ohio law a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-4210, ¶ 16 (8th Dist.), citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, ¶ 27-30 (5th Dist.). *See Welsh-Huggins* at ¶ 32. It is a requester's burden to prove, by clear and convincing evidence, that the requested records exist and are public records maintained by a respondent. *See State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 8. *See Cross v. Ledford*, 161 Ohio St. 469 (1954) (paragraph three of the syllabus) ("[c]lear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established"); *State ex rel. Cincinnati Enquirer v. Deters*, 2016-Ohio-8195, ¶ 19, quoting *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4246, ¶ 16 ("[a]lthough the Public Records Act is accorded liberal construction in favor of access to public records, 'the relator must still establish entitlement to the requested extraordinary relief by clear and convincing evidence'").

{¶9} A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 2008-Ohio-1770, paragraph two of the syllabus. In *Jones-Kelley*, the Ohio Supreme Court held:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall

squarely within the exception. (*State ex rel. Carr v. Akron,* 112 Ohio St.3d

351, 2006-Ohio-6714, 859 N.E.2d 948, ¶ 30, followed.)

*Kelley* at paragraph two of the syllabus.

{¶10} Requester essentially maintains in the Objections that the requested records exist and are accessible under the Database Rule and that the initial request was not overbroad.  Requester states: "The Special Master's conclusions that (1) the requested data compilation does not exist and would require creation of a new record, (2) the request is overbroad, and (3) costs should be assessed to Requester are unsupported by the evidence and inconsistent with Ohio public records law."

{¶11} In response, Respondent essentially contends that (1) Requester's "late-submitted, unsworn evidence" (e.g., screenshot of Respondent's prior productions of Metrc information that Requester included in his objections) cannot be considered by the Court, (2) the Special Master's Report and Recommendation correctly applies Ohio law and should be adopted without modification, (3) Requester's request would require the creation of a new record and does not fall within the scope of the "database rule," (4) Requester's request for "five years' worth of information on every marijuana plant tested in Ohio is overly broad," and (5) the Special Master's recommended assessment of costs against Requester is proper.

### B. Requester's Objections are not persuasive.

{¶12} The Ohio Supreme Court has held: "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."  *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus.  While this case, as presently postured, is not an appeal, *Ishmail*'s holding is applicable insofar as Requester's inclusion of a screen shot in the Objections may be construed as an attempt to add matter to the record that was not before the Special Master.  *Compare Ashtabula Metro. Hous. Auth. v. Alexander*, 2023-Ohio-4607, ¶ 21 (11th Dist.) ("Civ.R. 53(D)(4)(d) requires that a trial court 'undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law'").

{¶13} Under the so-called "database rule" a requester is entitled to public records that are available using a public-records custodian's existing programming. *See Anthony v. Columbus City Schools*, 2021-Ohio-3242, ¶ 8-10 (Ct. of Cl.), adopted by 2021-Ohio-3241 (Ct. of Cl.) (discussing the "database rule"); *see also State ex rel. Cincinnati Post*, 38 Ohio St.3d 170, 173-174(1988).

{¶14} Here, among the evidence submitted is an affidavit of Amy L. Kuhl, IT Project Manager of the Division of Cannabis Control, Ohio Department of Commerce, in which Kuhl avers that, to the best of her knowledge, Metrc "is not currently programmed to produce or retrieve the information as requested by Yasha Kahn on July 3, 2024. The retrieval and production of such information would require several steps." (Kuhl Affidavit, ¶ 4.) In the affidavit Kuhl details the steps that would be required to produce or retrieve the requested information and Kuhl estimates that 26 hours would be necessary to accomplish this task.

{¶15} Given this evidence, and based on the Court's independent review, Requester's contention that the requested public record is available under the "database rule" is unpersuasive.

{¶16} Additionally, to the extent that, by the request of July 3, 2024, Requester sought data (i.e., information), such a request is not a proper public-records request. As this Court recently stated:

> Data, in common usage, is defined as "factual information (such as measurements or statistics) used as a basis for reasoning, discussion, or calculation," and "information in digital form that can be transmitted or processed." https://www.merriam-webster.com/dictionary/data. (accessed Jan. 24, 2025)….
>
> A request for information, as well as a request for a custodian of records to create a new record by searching for selected information, however, constitute improper requests under R.C. 149.43. *See State ex rel. Morgan v. City of New Lexington*, 2006-Ohio-6365, ¶ 30 ("[r]equests for information and requests that require the records custodian to create a new record by searching for selected information are improper requests under

R.C. 149.43"). In *State ex rel. Morabito*, 2012-Ohio-6012, the Eighth District Court of Appeals explained:

> Under the public records statute, the government has the duty to supply records, not information, and the government has no duty to create records to meet a requester's demand. *State ex rel. Lanham v. Ohio Adult Parole Auth.*, 80 Ohio St.3d 425, 1997-Ohio-104, 687 N.E.2d 283; *State ex rel. Mayrides v. Whitehall*, 62 Ohio St.3d 203, 580 N.E.2d 1089 (1991); *State ex rel. Warren v. Warner*, 84 Ohio St.3d 432, 1999-Ohio-475, 704 N.E.2d 1228; and *State ex rel. Fant v. Tober*, 8th Dist. No. 63737, 1993 Ohio App. LEXIS 2591. Nor is there a duty to provide records that no longer exist. [*State ex rel. Chatfield v. Gammill*, 2012-Ohio-1862].

*State ex rel. Morabito* at ¶ 14.

*Alex Schaffer v. The Ohio State Univ.*, Ct. of Cl. No. 2024-00815PQ (Decision & Entry Jan. 31, 2025).

**{¶17}** In this instance, since, on July 3, 2024, Requester sought data (i.e., information)—not a public record—Respondent's public-records request was flawed. In such a circumstance, the amount of data requested—5 years of data, according to Respondent—is immaterial.

**{¶18}** Moreover, Requester's contention that Respondent is required to produce data to Requester because Respondent's previously produced data to Requester is of no consequence because, as discussed above, (a) a request for data is an improper public-records request under the Ohio Public Records Act and (b) the Ohio Public Records Act does not restrict a public office from releasing non-records, provided other laws do not prohibit a public office from releasing certain information in non-records. *See Ohio Sunshine Laws 2024: An Open Government Resource Manual*, p. 17 ("[t]he Public Records Act does not *restrict* a public office from releasing non-records, but other laws may prohibit a public office from releasing certain information in non-records" (footnote omitted) (emphasis sic)).

{¶19} Finally, Requester's challenge to the Special Master's Recommendation for the assessment of costs against Requester is not well taken.  In *Strattman v. Studt*, 20 Ohio St.2d 95, 103 (1969), the Ohio Supreme Court stated, "By being involved in court proceedings, any litigant, by implied contract, becomes liable for the payment of court costs if taxed as a part of the court's judgment."  *See Studt* at paragraph six of the syllabus (holding that the "duty to pay court costs is a civil obligation arising from an implied contract").  Here, Requester sought relief in this forum and, as a consequence, Requester became liable for payment of court costs by implied contract.  The Special Master's recommendation to assess court costs against Requester is based on the ordinary application of statutory law and case law as they existed at the time of the filing of Requester's Complaint.  *See* R.C. 2743.75(F)(1) (requiring a special master to submit a report and recommendation based on the ordinary application of statutory law and case law as they existed at the time of the filing of a complaint).  Requester's contention that the Special Master erred by recommending the assessment of court costs to Requester is unpersuasive.

## III.    Conclusion

{¶20} After carefully considering the parties' arguments and relevant law, and after carefully considering the facts and circumstances presented here, the Court OVERRULES Requester's Objections to the Special Master's Report And Recommendation issued on February 18, 2025.  The Court ADOPTS the Report and Recommendation issued on February 18, 2025.

{¶21} In accordance with the Special Master's recommendations, the Court enters judgment in favor of Respondent and assesses court costs against Requester.  The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
LISA L. SADLER
Judge

**Filed March 11, 2025**
**Sent to S.C. Reporter 4/11/25**