[Cite as *State ex rel. Alford v. Toledo Corr. Inst.*, 2019-Ohio-294.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio, ex rel. Brian Keith Alford          Court of Appeals No.  L-18-1133

      Relator

v.

Toledo Correctional Institution                    **DECISION AND JUDGMENT**

      Respondent                                 Decided:  January 29, 2019

* * * * *

Brian Keith Alford, pro se.

David A. Yost, Ohio Attorney General, for respondent.

* * * * *

**JENSEN, J.**

**{¶ 1}** Relator Brian Keith Alford, an inmate at the Toledo Correctional Institution, requests that this court compel the respondent, the Toledo Correctional Institution, to

produce records pertaining to "medically approved boots" for the relator, pursuant to the Ohio Public Records Act. Relator is also seeking statutory damages for respondent's alleged non-production of the requested records.

{¶ 2} In his petition, relator alleges that he made public records requests, in writing, to "Inspector Burkhart" and the "Warden's Administrative Assistant II." Relator asserts these requests were made on March 29, 2018, and sought "all interoffice memos and e-mails relating to the ordering, purchase and costs for size 12-3E Boots for Brian Keith Alford A196-744." Relator further alleges that a third public records request was made to "Warden's Administrative Assistant II" on April 11, 2018. In support of his petition relator cites "Record # 1 attached."

{¶ 3} There are 25 pages attached to relator's petition, none are labeled, some are wholly or partially illegible. One page appears to be a copy of an undated handwritten note stating:

> SIR, THIS IS A PUBLIC RECORDS REQUEST PURSUANT TO R.C.
> 149.43 ET SEQ. AND DRC POLICY 07-ORD-02 FOR A COPY OF ALL
> INTEROFFICE EMAILS/MEMOS FROM [ILLEGIBLE] STAFF TO
> [ILLEGIBLE] OR ANY OTHER COMPANY FOR ORDERS,
> PURCHASE AND COST FOR SIZE 123E BOOTS FOR FRIAN KEITH
> ALFORS A196744  BETWEEN NOVEMBER 2017 AND MARCH 2018
> OR ODRC IS LIABLE FOR STATUTORY DAMAGES. THIS REQUEST

2.

IS HAND DELIVERED TO THE KITE BOX AT TROCZ ON 4-17-18

REPECTFULLY, [ILLEGIBLE]

A handwritten response on the note states, "You can kite Ms.Clartin to review your Medical Chart /s/ Zilles – HCA 4-20-18"

**{¶ 4}** Another page attached to relator's petition appears to be a copy of an undated handwritten note stating:

THIS IS MY SECOND REQUEST FOR PUBLIC RECORDS

PURSUANT TO R.C. 149-43 ET SEQ AND DRC POLICY 07-ORD-02

FOR ALL INTEROFFICE MEMOS/EMAILS RELATING TO THE

ORDER, PURCHASE, AND COST FOR SIZE 123E BOOTS BY

MEDICAL FOR BRIAN K ALFORD A196-744 OR ORDC IS LIABLE

FOR STATUTORY DAMAGES. RESPECTFULLY, [ILLEGIBLE]

A handwritten response to this note states:

Mr. Alford, there are no documents to provide regarding the information you requested. There is documentation in your medical record regarding your 12 3E boots.  You are permitted to review your medical records, however copies are not permissible.  You may set up a mutually convenient time with the HCA, or his designee, to review that record. /s/ Ms. Sehlmeyer.

3.

{¶ 5} Our review of the other 23 pages attached to relator's petition suggest that size 12 4E boots were ordered for relator, but he found them to be too big. In response, relator asserted that size 12 3E boots needed to be ordered from a specific vendor of his choice "for medical reasons." Relator was informed to see his unit staff for assistance.

{¶ 6} For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 451 N.E.2d 225 (1983). In response to relator's request, the responder to one note indicated that no documents existed. In response to a second request, the responder indicated that the information he sought could be found in his medical file. The responder relayed relator specific instructions on how to review those documents.

{¶ 7} Relator has failed to plead facts with sufficient specificity for this court to determine whether the issuance of a writ of mandamus is warranted. Accordingly, we decline to issue the writ and the petition is not well-taken and is denied. Relator is ordered to pay the costs of this action. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal pursuant to Civ.R. 5(B).

Writ denied.

4.

Mark L. Pietrykowski, J.                    _____
                                                          JUDGE

Arlene Singer, J.                           

                                            _____
James D. Jensen, J.                                       JUDGE
CONCUR.

                                            _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.