[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Alford v. Toledo Corr. Inst.,* Slip Opinion No. 2019-Ohio-3847.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-3847

THE STATE EX REL. ALFORD, APPELLANT, *v.* TOLEDO CORRECTIONAL INSTITUTION, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Alford v. Toledo Corr. Inst.,* Slip Opinion No. 2019-Ohio-3847.]

*Mandamus—Inmate failed to establish legal right to production of requested records or show that prison has legal duty to produce them—Court of appeals' judgment denying writ affirmed.*

(No. 2019-0280—Submitted June 11, 2019—Decided September 25, 2019.)

APPEAL from the Court of Appeals for Lucas County, No. L-18-1133, 2019-Ohio-294.

_____

**Per Curiam.**

**{¶ 1}** This appeal involves requests by appellant, Brian Keith Alford, a prison inmate, to obtain public records from appellee, the Toledo Correctional Institution ("TCI"). He is seeking "all interoffice communications and emails"

related to his efforts to obtain size-12EEE boots.  After receiving no records in response to his requests, Alford filed an original action in the Sixth District Court of Appeals seeking a writ of mandamus to compel TCI to produce them.  The court of appeals denied Alford's request for a writ of mandamus, and he has appealed here as of right.  We affirm.

**Background**

**{¶ 2}** The evidence suggests that TCI officials ordered multiple pairs of boots at Alford's request and expense but none of them fit him to his satisfaction.  After Alford accepted a pair of size-12EE boots, he requested from TCI "copies of all interoffice communications and emails regarding the purchase and ordering of 12EEE boots" for him.  He surmises that the requested records will show that TCI "never intended to provide properly fitted medically approved boots."

**{¶ 3}** Alford submitted multiple substantially identical records requests to different TCI officials in March and April 2018.  A handwritten response to one of the requests states that "there are no documents to provide regarding the information that you've requested.  There is documentation in your medical record regarding your 12 3E boots.  You are permitted to review your medical record, however copies are not permissible."  The response also explained how to request a review of Alford's medical file.

**{¶ 4}** Alford filed an original action in the Sixth District Court of Appeals seeking a writ of mandamus to compel TCI to produce the requested records.  The court of appeals denied relief, determining that Alford "failed to plead facts with sufficient specificity * * * to determine whether the issuance of a writ of mandamus is warranted."  2019-Ohio-294, ¶ 7.

**Analysis**

**{¶ 5}** "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act."  *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288,

2

2006-Ohio-903, 843 N.E.2d 174, ¶ 6. But to be entitled to a writ of mandamus, Alford must show, by clear and convincing evidence, that the records he requested exist and are maintained by TCI. *State ex rel. Gooden v. Kagel*, 138 Ohio St.3d 343, 2014-Ohio-869, 6 N.E.3d 1170, ¶ 8. TCI does not have a duty "to create or provide access to nonexistent records." *State ex rel. Lanham v. Smith*, 112 Ohio St.3d 527, 2007-Ohio-609, 861 N.E.2d 530, ¶ 15.

{¶ 6} TCI informed Alford that "there are no documents to provide regarding the information that [he had] requested." Although TCI indicated that documents in Alford's medical file refer to his requested boots, nothing suggests that those documents are responsive to Alford's request for "interoffice communications and emails regarding the purchase and ordering of 12EEE boots" for him. And in any event, Alford's medical file is available to him upon request.

{¶ 7} Because Alford has not shown that TCI possesses any records responsive to his request, he has not established a legal right to the production of any records or shown that TCI has a legal duty to produce any records. The court of appeals thus was correct to reject Alford's mandamus claim.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Brian Keith Alford, pro se.

Dave Yost, Ohio Attorney General, and Jared S. Yee, Assistant Attorney General, for appellee.

_____