[Cite as *Kovach v. Walder*, 2019-Ohio-5455.]

| STACEY KOVACH | Case No. 2019-00917PQ |
|---|---|
| Requester | Special Master Jeff Clark |
| v. | REPORT AND RECOMMENDATION |
| GEAUGA COUNTY AUDITOR'S OFFICE, CHARLES WALDER | |
| Respondent | |

{¶1} Ohio's Public Records Act, R.C. 149.43, provides a remedy for production of records under R.C. 2743.75 if the Court of Claims determines that a public office has denied access to public records in violation of R.C. 149.43(B). The policy underlying the Act is that "open government serves the public interest and our democratic system." *State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20. Therefore, the Act is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records. *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 13.

**Background and Facts**

{¶2} Requester Stacey Kovach sent a letter to respondent Geauga County Auditor's Office, Charles Walder (Auditor), dated July 25, 2019, containing six inquiries related to a piece of real property. (Am. Complaint at 4-6; Response, Oct. 4, 2019 Walder Aff. – Exh. A.) Counsel for respondent sent a letter to Kovach dated July 31, 2019 advising that it had no responsive records to Requests Nos. 1 and 2, and that the county treasurer rather than the auditor maintained the records described in Request No. 3. Respondent's counsel further denied Requests Nos. 4, 5 and 6 as inquiries seeking answers to questions rather than requesting copies of specified public records. (Am. Complaint at 23; Response, Oct. 4, 2019 Walder Aff. – Exh. B.) Kovach sent a letter to the Auditor on August 21, 2019 disputing the Auditor's responses to Requests Nos. 1, 2, 4, 5, and 6, and added a seventh request. (Am. Complaint at 24-25;

Response, Oct. 4, 2019 Walder Aff. – Exh. C.) On August 22, 2019, Kovach made a verbal request (Request No. 8) for "a copy of the video of the event which [transpired that day]." (Am. Complaint at 2.) Subsequent to the filing of this action, respondent's counsel sent a letter to Kovach dated September 16, 2019 enclosing a video recording allegedly in response to Request No. 7. (Response, Oct. 4, 2019 Walder Aff. – Exh. D.)

{¶3} On August 27, 2019, Kovach filed a complaint pursuant to R.C. 2743.75 alleging that the Auditor denied her access to public records in violation of R.C. 149.43(B). Following unsuccessful mediation, the Auditor filed a motion to dismiss (Response) on October 4, 2019. On October 18, 2019, Kovach submitted an unsolicited document titled "affidavit of support." Pursuant to R.C. 2743.75(E)(2) the special master directed the clerk of court to accept this document (Reply) for filing. On December 12, 2019, the Auditor filed a response to the special master's order to submit additional information and documentation regarding Kovach's requests for videos.

**Motion to Dismiss**

{¶4} In order to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the claimant can prove no set of facts warranting relief after all factual allegations of the complaint are presumed true and all reasonable inferences are made in claimant's favor. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 581, 669 N.E.2d 835 (1996). As long as there is a set of facts consistent with the complaint that would allow the claimant to recover, dismissal for failure to state a claim is not proper. *State ex rel. V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184, ¶ 10. The unsupported conclusions of a complaint are, however, not admitted and are insufficient to withstand a motion to dismiss. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 193, 532 N.E.2d 753 (1988).

{¶5} The Auditor moves to dismiss the complaint on the same grounds he provided in the letters of July 31 and September 16, 2019. Under the abbreviated pleading procedure in this action (*see* R.C. 2743.75(D)(1) and (E)(2)) the City's

defenses have been filed as a combined response and motion to dismiss. On consideration of the motion to dismiss, I find the defenses asserting the non-existence of certain records are not conclusively shown on the face of the complaint. Moreover, as the matter is now fully briefed I find that all the arguments to dismiss are subsumed in the arguments to deny the claim on the merits. I therefore recommend that that the motion to dismiss be denied, and the matter determined on the merits.

**Burdens of Proof**

{¶6} In any action to enforce the Public Records Act (PRA), the burden is on the requester to prove an alleged violation. In mandamus actions,

> [a]lthough the PRA is accorded liberal construction in favor of access to public records, "the relator must still establish entitlement to the requested extraordinary relief by clear and convincing evidence."

*State ex rel. Caster v. Columbus*, 151 Ohio St.3d 425, 428, 2016-Ohio-8394, 89 N.E.3d 598, ¶ 15. Entitlement to relief in an action filed under R.C. 2743.75 must likewise be established by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.).

{¶7} If a public office asserts an exception to the PRA, the burden of proving the exception rests on the public office. *State ex rel. Cincinnati Enquirer v. Pike Cty. Coroner's Office*, 153 Ohio St.3d 63, 2017-Ohio-8988, 101 N.E.3d 396, ¶ 15. An exception is a state or federal law prohibiting or excusing disclosure of items that otherwise meet the definition of "public record." However, the defense that a request was improper in the first instance does not assert an exception. Where the defense of ambiguity or overbreadth is raised, the burden of proof remains with the requester to show that he has reasonably identified the record sought:

> "[I]t is the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue." *State ex rel. Fant v. Tober*, 8th Dist. Cuyahoga No. 63737, 1993 Ohio App. LEXIS 2591, 1993 WL 173743, *4 (Apr. 28, 1993), *aff'd*, 68 Ohio St.3d 117, 623 N.E.2d 1202 (1993).

Of particular application to the defenses asserted herein, the Supreme Court in *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 22-26 held that if an office asserts that a requested record does not exist, the requester must show that it does. Similarly, in *State ex rel. O'Shea & Assocs. Co., L.P.A. v. Cuyahoga Metro. Hous. Auth.*, 131 Ohio St.3d 149, 2012-Ohio-115, 962 N.E.2d 297, ¶ 23 the Court held that if a document's status as a "record" is denied, the burden remains on the requester to show that it is a record of the office.

**Requests Nos. 1 And 2: Non-Existent Records**

Requests Nos. 1 and 2 in Kovach's letter of July 25, 2019 are as follows:

> Please provide the following:
>
> 1) Copies of any and all communications, email, tape recordings ... between you and Prosecutor Nicholas Burling concerning Stacey Kovach, the property #21-098100. The time frame is 2018-2019.
>
> 2) Copies of any and all communications between members of your staff or any other party regarding same property.

(Am. Complaint at 4; Response, Oct. 4, 2019 Walder Aff. – Exh. A.) The Auditor denies that his office has any records responsive to these requests, attesting that,

> With regard to requests #1 and #2, the Auditor's Office searched its records, and it has <u>no</u> documents concerning the following:
>
> 1) Copies of any and all communications, email, tape recordings ... between you and Prosecutor Nicholas Burling concerning Stacey Kovach, the property #21-098100. Time frame is 2018-2019.
>
> 2) Copies of any and all communications between members of your staff or any other party regarding same property.

(Emphasis *sic*.) (Oct. 4, 2019 Walder Aff. at ¶ 4.) In support of her burden to show that records responsive to these requests do exist, Kovach attests that,

> 10. I have proven to this court, via submitted recorded phone conversation with the Auditor Walder and Becky McCartney, that communication records exist.

11. At 3:10 pm on January 14, 2019 Auditor Walder sent an Email to me and Attorney Applebaum with copies to four staff members, namely; Becky McCartney, Kate Jacob, Pamela McMahan and Mary Beth Armeo. Also copied was Ralph Kovach and my attorney Ross Haffey. I suspect blind copies were sent to Prosecutor Burling (Ex 2).

(Reply at 2.) However, the court file does not reflect that Kovach filed any "recorded phone conversation with the Auditor Walder and Becky McCartney." Kovach did submit an attachment to her complaint titled "Description of Verbal Communication," but the page contains only one line, stating "1) I have an audio file of conversation with Auditor Walder. 2) Audio file of conversation with Becky McCartney" and is otherwise blank. (Am. Complaint at 3.)

{¶8} The file does contain a copy of an email thread between Kovach and the Auditor (Am. Complaint at 32-42) in which the Auditor advises Kovach that she should communicate with the prosecutor's office regarding her requests for legal interpretation. In answer to her question as to which prosecutor she should contact, the Auditor replies, "Nick Burling." There is no indication in the body or headers of these emails that Burling was a party correspondent to the emails. Exh. 2 attached to Kovach's reply contains two emails from the longer thread just referenced, which likewise contains no indication of correspondence between the Auditor and Burling. The reference in the 3:10 PM email from the Auditor advises that he is forwarding that email "to our legal counsel at the Geauga County Prosecutor's Office," which in context clearly references APA Linda Applebaum, who is copied in the To: line of the header in conformity with the quoted language. In summary, Kovach attests only to beliefs and suspicions that recorded communication responsive to Requests Nos. 1 and 2 exist at the prosecutor's office, and not to any substantive or persuasive evidence.

{¶9} A public office has no duty to provide records that do not exist, or that it does not possess. *State ex rel. Gooden v. Kagel*, 138 Ohio St.3d 343, 2014-Ohio-869, 6 N.E.3d 471, ¶ 5, 8-9. Auditor Walder attests that the auditor's office searched its

records, and found no documents responsive to Requests Nos. 1 and 2. (Oct. 4, 2019 Walder Aff. at ¶ 4.) Walder's affidavit is some evidence supporting the non-existence of any responsive records. *State ex rel. Fant v. Flaherty,* 62 Ohio St.3d 426, 427, 583 N.E.2d 1313 (1992). *See also State ex rel. Toledo Blade Co. v. Toledo-Lucas County Port Auth.,* 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 14-15. A requester's mere belief in the existence of records does not constitute the clear and convincing evidence necessary to overcome this denial and establish that responsive documents exist. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office,* 133 Ohio St.3d 139, 2012-Ohio-4246, ¶ 22-26; *Gooden* at ¶ 8. I find that Kovach has not proven by clear and convincing evidence that records responsive to Requests Nos. 1 and 2 existed at the time of her request. *State ex rel. Morabito v. Cleveland,* 8th Dist. Cuyahoga No. 98829, 2012-Ohio-6012, ¶ 13.

**Request No. 3: Non-Existent Records**

Request No. 3 in Kovach's July 25, 2019 letter was for:

> 3) Copies of actual tax payments made with copies of the checks for payments made in 2018 and 2019. I understand you will redact the checking account number. Identify who paid the taxes.

(Am. Complaint at 4; Response, Oct. 4, 2019 Walder Aff. – Exh. A.) The Auditor denies that his office has any records responsive to this request, attesting that,

> 5. With regard to request #3, this request seeks documents that would be produced, held, and maintained by the Geauga County Treasurer's Office, not the Geauga County Auditor's Office. Thus, my office has no control or access to the following records:
>
> > 3) Copies of actual tax payments made with copies of the checks for payments made in 2018 and 2019.

(Oct. 4, 2019 Walder Aff. at ¶ 5.) In support of her burden to show that any records responsive to this request do exist, Kovach attests that,

> 12. In Auditor Attestation #5, referring to my third request, he states that he has no control or access to; copies of checks for tax payments made in 2018 and 2019. This is not a true statement. Auditor Walder is the

> Chief Fiscal Officer of Geauga County. He is responsible to account for over $90,000,000 received each year by the county. He oversees real estate and personal property taxes.
>
> After the Expungement Deed was filed, Auditor Walder told the Treasurer's office not to follow procedures. They were told not change the name on the tax records to the name on the Expungement Deed, Stacey Kovach Trustee. This also demonstrates the Treasurer's office takes orders from him.

(Reply at 3.) However, Kovach fails to assert either a legal obligation for the Auditor to maintain the requested tax records, or the actual use of such records to document the functions of the Auditor's Office, or the physical possession of these records by the Auditor's Office. Based on the same reasoning and case law cited for the disposition of Requests Nos. 1 and 2, I find that Kovach has not proven by clear and convincing evidence that records responsive to Request No. 3 were kept by the Auditor at the time of her request.

### Requests Nos. 4, 5 and 6: Non-Actionable Requests for Information, and to Answer Questions

Requests Nos. 4, 5, and 6 in Kovach's letter of July 25, 2019 were for:

4) Please explain rescan below.

   [see image of table in the original]

5) On December 27, 2018 an Affidavit Expunging Sheriff Deed, Pursuant to ORC Sec. 5301.252 was recorded. It was verified for accuracy by both the recorder and your office meaning the last owner was Stacey Kovach Trustee.

   Please provide your reasons for refusing to place the property back into the rightful owner's name.

6) Please detail in writing any issues or denial of any of the facts listed below. The complete Recording is enclosed Exhibit F.

   An erroneous Sheriff Deed Instrument# 201800942049 Book 2061 pages 8-10, was filed on October 19, 2018. Said Deed unlawfully conveyed the property to Federal Home Loan Mortgage Corp.

1) The Deed was filed out of order.

2) The prior owner was incorrect, memorialized as Ralph J. Kovach per Volume 1842, page 101.

3) The Prior Owner was Stacey Kovach Trustee.

4) Freddie Mac did not put up any money for the property.

5) The Auditor failed to follow ORC 317.31 to compare the record with what has been recorded.

6) The Sheriff failed to deliver the Property Description Approval Form. to auditor as required prior to Sheriff Sale.

(Am. Complaint at 4-5; Response, Oct. 4, 2019 Walder Aff. – Exh. A.) The Auditor asserts that he has no duty under R.C. 149.43(B) to provide answers to questions, or provide reasons for his decisions, or to detail "any issues or denial" in response to assertions made by Kovach. (Response at 3.) Kovach makes no response to this defense in her reply.

{¶10} In response to a question or request for information, a public office has "no duty under R.C. 149.43 to create new records by searching for and compiling information from existing records." *State ex rel. White v. Goldsberry*, 85 Ohio St.3d 153, 154, 707 N.E.2d 496 (1999). For example, the Ohio Adult Parole Authority properly denied a public records request for the "qualifications of APA members." *State ex rel. Lanham v. State Adult Parole Auth.*, 80 Ohio St.3d 425, 427, 687 N.E.2d 283 (1997). *Accord State ex rel. Morabito v. Cleveland*, 8th Dist. Cuyahoga No. 98820, 2012-Ohio-6012, ¶ 14 (request for written "confirmation of * * * why, how, when, and by whom the video was destroyed – are not authentic public records requests, but requests for information outside the scope of R.C. 149.43.") Thus, the Auditor properly denied Requests Nos. 4, 5 and 6 seeking explanations or reasons for the execution of public functions and for the Auditor to admit or deny factual representations.

**Request No. 7: Non-Existent Record**

{¶11} Request No. 7, contained in Kovach's letter of August 21, 2019 states: "Please provide video with sound included of my meeting with Mr. Walder on December 27, 2018. The time is approximately noon." (Complaint at 25.) No response was provided prior to the filing of this action, but the Auditor subsequently attested that the requested December 27, 2018 video was provided during litigation. (Response, Oct. 4, 2019 Walder Aff. at ¶ 7-9; cover letter attached as Exh. D.) The cover letter referenced an enclosed digital device, but did not specify that it contained the December 27, 2018 video. In her reply, Kovach asserted in response:

14. Auditor Attestation #7, #8, #9 On August 21, 2019 we requested a video, with sound, of my meeting at the conference table with the Auditor and his staff on December 27, 2018 at approximately noon. The Auditor never sent a video of this meeting and lied that he did to this honorable court.

{¶12} On November 27, 2019, the special master ordered the Auditor to submit a copy of the December 27, 2018 video as allegedly provided to requester, along with affidavit or other evidence of completeness, responsiveness, and authenticity. In response, the Auditor filed an affidavit admitting to some confusion in the back and forth with Kovach and his office with respect to the two requests for video recordings. (Dec. 6, 2019 Walder Aff. at ¶ 2.) The Auditor implicitly withdrew the assertion that a December 27, 2018 video had been provided. The Auditor now attests that there was no video recorder in the conference room where the December 27, 2018 meeting took place, and therefore no video was made of the meeting. (*Id.* at ¶ 6.) Since no December 27, 2018 video existed, the Auditor had no duty to produce it, and his mistake in identifying the response to a different request (Request No. 8) as satisfying Request No. 7 does not amount in this instance to a violation of R.C. 149.43(B). Based on the same reasoning and case law cited for the disposition of Requests Nos. 1 and 2, I find that Kovach has not proven by clear and convincing evidence that a record responsive to Request No. 7 existed at the time of her request.

**Request No. 8: Suggestion of Mootness**

{¶13} Kovach describes making a verbal public records request to the auditor's office on August 22, 2019 for "a copy of the video of the event which just transpired which includes audio." (Complaint at 2.) The Auditor does not address this request in his response. However, Kovach concedes that the Auditor provided two videos of the August 22, 2019 event in response to the request:

> 15. I requested a video, with sound, of my father and I at the Auditor's office on August 22, 2019 between 4-4:30 PM. This is stated on page three of my Amended Complaint. The verbal request was on August 22 and the 2nd request was in writing on August 26, 2019. (EX 1) The two video's which were sent by the Auditor was the August 22 footage. The Auditor office blocked out the whole left side of the office where my father and I were at the computer for twenty minutes with Deputy Becky McCartney. We were re-recording the deed and requesting tax records to be changed to the proper owner according to ORC 319.20. I would like the Auditor to send the footage that encompasses the entire room.

(Reply at ¶ 15.) The Auditor confirms that these are the two videos that were provided to Kovach with Ms. Applebaum's letter of September 16, 2019. (Dec. 6, 2019 Walder Aff. at ¶ 4-5.) The Auditor attests that his office does not record audio with the videos. (Id. at ¶ 3.)

{¶14} However, Kovach complains that "the Auditor office blocked out the whole left side of the office where my father and I were at the computer" and states that she desires footage that encompasses the entire room. (Reply, *Id.*) In response, the Auditor asserts that his office did not redact or edit the videos. (Dec. 6, 2019 Walder Aff. at ¶ 3.) The Auditor filed a copy of the two videos that he provided to Kovach. (*Id.* at ¶ 7.) On review of same, the special master notes no apparent blacking, pixilation, or other indicia of redaction in either video. Kovach does not assert that additional footage from the same or any other video recording device actually exists. In the context of the video, her assertion that the Auditor's Office "blocked out" a particular area within the office means only that a visual barrier existed. Kovach offers no support for her apparent

argument that the Auditor's Office was required to cover all or particular areas of the office interior with video recording. I find that Kovach has not proven by clear and convincing evidence that the Auditor has withheld any portion of the existing records responsive to Request No. 8. I therefore find that Kovach's request for production of the videos is now moot.

{¶15} Finally, Kovach makes allegations of record concealment, falsification, and destruction that, if proven, would be actionable only in other courts. This court has no jurisdiction over violations of the records retention statutes, the remedy for which is provided in R.C. 149.351(B) (Person aggrieved by improper disposition of records may file injunctive and/or forfeiture action in court of common pleas). Nor does this court have jurisdiction over the various criminal offenses that Kovach suggests the Auditor and his staff may have committed.

**Conclusion**

{¶16} Upon consideration of the pleadings and attachments, I recommend that the court DENY requester's claim for production of records.

{¶17} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity*

*all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFF CLARK
Special Master

**Filed December 19, 2019**
**Sent to S.C. Reporter 1/16/20**