[Cite as *Patrick v. N. Olmsted*, 2021-Ohio-2650.]

| KELLY PATRICK | Case No. 2020-00691PQ |
|---|---|
| Requester | Special Master Jeff Clark |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| CITY OF NORTH OLMSTED | |
| Respondent | |

{¶1} The Public Records Act (PRA or Act) requires a public office to make copies of requested public records available at cost and within a reasonable period of time. R.C. 149.43(B)(1). The Act is construed liberally in favor of broad access, with any doubt resolved in favor of disclosure. *State ex rel. Hogan Lovells U.S., L.L.P. v. Dept. of Rehab. & Corr.*, 156 Ohio St.3d 56, 2018-Ohio-5133, 123 N.E.3d 928, ¶ 12. R.C. 2743.75 provides an expeditious and economical procedure to resolve public records disputes in the Court of Claims. The person requesting records has the burden to prove a right to relief under R.C. 2743.75. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office,* Slip Opinion No. 2020-Ohio-5371, ¶ 33-34.

**Request for Police Records**

{¶2} On September 21, 2020, requester Kelly Patrick "requested all records concerning this incident [the police response to an incident involving her]" from the Law Department of respondent City of North Olmsted ("the City"). (Complaint at 2; Response, Kilbane Aff. at ¶ 2.) The Law Department promptly forwarded Patrick's request to the North Olmsted Police Department. (Complaint at 22, Kilbane Aff. at ¶ 2.) On September 23, 2020, the City provided Patrick with redacted copies of an incident report, two witness statements, and medical records. (*Id.* at 2, 23, Exh. C p. 2, Exh. E, Exh. B.; Response at ¶ 3, Kilbane Aff. at ¶ 3.) On October 16, 2020, the City sent Patrick 33 photographs from the investigative file. (Complaint at 2, Exh. D; Kilbane Aff.

at ¶ 5.) On October 28, 2020, the City told Patrick that all responsive records had been released. (Complaint; Kilbane Aff. at ¶ 5.)

{¶3} On December 7, 2020, Patrick filed a complaint pursuant to R.C. 2743.75 alleging denial of access to putative public records in violation of R.C. 149.43(B).[1] On December 15, 2020, the case was referred to mediation, during which the City produced additional records. (Motion to Dismiss at 2; Response, Fioritto Aff. at ¶ 3, Exh. 1-2.)[2] On February 11, 2021, the City filed an answer (Response) and a motion to dismiss. On April 9, 2021, Patrick filed a reply. On April 12, 2021, the City filed a supplemental response and filed the contents of the criminal investigative file under seal.

**Motion to Dismiss**

{¶4} To dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt the claimant can prove no set of facts warranting relief after all factual allegations of the complaint are presumed true and all reasonable inferences are made in claimant's favor. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 581, 669 N.E.2d 835 (1996). As long as there is a set of facts consistent with the complaint that would allow the claimant to recover, dismissal for failure to state a claim is not proper. *State ex rel. V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184, ¶ 10. The unsupported conclusions of a complaint are, however, not admitted and are insufficient to withstand a motion to dismiss. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 193, 532 N.E.2d 753 (1988).

{¶5} The City first argues the complaint fails to state a claim because "it fails to allege that Respondent violated the public records law." (Motion to Dismiss at 2.) However, a requester's initial burden of production is merely "to plead and prove facts

---

[1] Patrick does not complain of any improper redactions to the records she did receive, and that issue is therefore not before the court. The report makes no determination as to the propriety of the redactions.

[2] A page was missing from the Fioritto affidavit when submitted with the response. Pursuant to court order a full copy was filed on the case docket on April 30, 2021.

showing that the requester sought an identifiable public record pursuant to R.C. 149.43(B)(1) and that the public office or records custodian did not make the record available." *Welsh-Huggins* at ¶ 33. Patrick's request for relief expressly narrows her initial request for "all records concerning this incident" to a list of nine items she believes existed but that have not been provided:

(1) The report was prepared by PTL. M Gasdick. A patrolman personally called Prosecutor Gordillo while at the scene?

(2) Detective Vagase was at the scene before PTL Gasdick, is there any statement by this officer?

(3) Sergeant Walling also arrived on scene before PTL Gasdick, is there any statement by this officer?

(4) PTL Gasdick reports that Det. Vagase, Sgt. Walling and an Olmsted Twp unit arrived on scene prior to his arrival. I request the reports by Det. Vagase and Sgt. Walling as well as dispatch reports for all, both of them, and any units from any jurisdiction called to assist.

(5) The narrative reports that John Patrick was handcuffed and talking to Sgt Walling. I request Sgt Walling's report including his interview of John Patrick.

(6) John Patrick emailed the videos to Det. Vagase's computer. I request Det. Vagase's report and copies of the video clips placed on CD for prosecutor.

(7) According to the medical records, a NOPD officer went to the hospital and took a written statement from me. I also filed paperwork to press charges. I request the name, and report of the officer who went to the hospital with me and my written statement authorizing to press charges against John Patrick.

(8) PTL Gasdick states a report to the prosecutor for ruling was made. I request a copy of the report submitted to Prosecutor Gordillo.

(9) Any records of communications between Mr. Kasaris and any city officials, or any explanation about why a domestic assault and drug seizure did not result in the filing pf any criminal charges.

Requested Relief I am respectfully requesting that the Ohio Court of Claims order the City of North Olmsted produce the nine records listed above.

(Complaint at 3.) The City asserts that these requests all fail to state a claim because they seek information, explanations, and answers to questions rather than reasonably identifying existing public records. (Motion to Dismiss at 2-3.)

**Requests No. (1) and (9) do not Reasonably Identify Records Sought**

{¶6} It is "the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue." *State ex rel. Zidonis v. Columbus State Community College*, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861, ¶ 21. A request that does not reasonably identify what public records are being requested may be denied. R.C. 149.43(B)(2).[3] In response to a question or request for information that does not identify the records sought, a public office has "no duty under R.C. 149.43 to create new records by searching for and compiling information from existing records." *State ex rel. White v. Goldsberry*, 85 Ohio St.3d 153, 154, 707 N.E.2d 496 (1999); *State ex rel. Lanham v. State Adult Parole Auth.*, 80 Ohio St.3d 425, 427, 687 N.E.2d 283 (1997) (APA properly denied a request for the "qualifications of APA members"). This includes requests for records supporting or explaining an agency decision. *State ex rel. Morabito v. Cleveland*, 8th Dist. Cuyahoga No. 98820, 2012-Ohio-6012, ¶ 14 (requests for information, including "why, how, when, and by whom" a video was destroyed, "are not authentic public records requests"); *Kovach v. Geauga Cty. Auditor's Office*, Ct. of Cl. No. 2019-00917PQ, 2019-Ohio-5455, ¶ 9-10 (office properly denied requests seeking explanations or reasons for the execution of public functions, and to admit or deny factual representations). Judicial determination of

---

[3] If a requester makes an ambiguous or overly broad request or has difficulty in making a request for copies or inspection of public records under this section such that the public office or the person responsible for the requested public record cannot reasonably identify what public records are being requested, the public office or the person responsible for the requested public record may deny the request * * *. R.C. 149.43(B)(2).

whether an office has properly denied all or part of a request as ambiguous or overly broad is based on the facts and circumstances in each case. *Zidonis* at ¶ 26.

{¶7} Request No. (1) states:

(1) The report was prepared by PTL. M Gasdick. A patrolman personally called Prosecutor Gordillo while at the scene?

This question does not identify any office document by a relevant combination of title, date, author, recipient, location, retention category, subject matter, document type, or other locator/identifier. It requests only information, i.e., whether a telephone call was made. While the question may be a hyperbolic suggestion that only a more senior officer would have called the prosecutor, a public office is not required to unravel rhetorical language to infer an otherwise unstated request for an unspecified record.

{¶8} Request No. (9) seeks:

(9) Any records of communications between Mr. Kasaris and any city officials, or any explanation about why a domestic assault and drug seizure did not result in the filing pf [sic] any criminal charges.

The request for communications is not limited to any time period, recording medium, or topic, and is therefore overly broad. *State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 17, 19. *Compare State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 22, 2018-Ohio-5110, 123 N.E.3d 895, ¶ 23-27 (A request for email is not overly broad if it is reasonably circumscribed by time period, subject matter, author or sender/recipient, and the like). *See State ex rel. Bristow v. Baxter*, 6th Dist. Erie Nos. E-17-060, E-17-067, E-17-070, 2018-Ohio-1973, ¶ 11-16; *Patton v. Univ. of Akron*, Ct. of Cl. No. 2017-00820PQ, 2018-Ohio-1555, ¶ 2, 9-10. This part of the request also identifies the public office correspondents only as "any city officials," necessitating an ambiguous and overly broad office-wide search through all employees' communications in any format. *Gupta v. Cleveland*, Ct. of Cl. No. 2017-00840PQ, 2018-Ohio-3475, ¶ 28. The second clause of this request, asking for an "explanation" of a

prosecutorial decision, does not reasonably identify any record and is properly denied. *Morabito, supra; Kovach, supra.*

**Requests Nos. (2) through (8) Reasonably Identify Records Sought**

Requests Nos. (2) and (3) state:

(2) Detective Vagase was at the scene before PTL Gasdick, is there any statement by this officer?

(3) Sergeant Walling also arrived on scene before PTL Gasdick, is there any statement by this officer?

{¶9} Unlike Request No. (1) these questions identify the posited records, if they exist, by author and involvement in the incident. Coupled with the later statement "I am respectfully requesting that the Ohio Court of Claims order the City of North Olmsted produce the nine records listed above" (Complaint at 3), the descriptions in these requests reasonably identify the records sought. Requests (4) through (8) are also reasonably specific requests for reports, interviews, video clips, and written statements. The records are identified by author, subject, and in some instances by recipient.

{¶10} Although Requests (2) through (8) are inartfully worded, perfection is not required of public records requests, "particularly where, as here, it is evident that the public office was aware of the specific records requested." *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 37. Accordingly, the special master finds Patrick has met her initial burden of production as to Requests Nos. (2) through (8), and the complaint thus states a claim for which relief may be granted as to these requests.

{¶11} As its second ground for dismissal, the City asserts that it has now released all public records responsive to Patrick's requests, rendering her complaint moot. (Motion to Dismiss at 2-3, Response at ¶ 4.) On review, the special master finds that full satisfaction of the requests is not conclusively shown on the face of the complaint and attachments. Moreover, as the matter is now fully briefed and the court

has access to the withheld records *in camera,* this argument is subsumed in the City's defense on the merits.

{¶12} It is therefore recommended that the motion to dismiss be GRANTED as to Requests Nos. (1) and (9) for failure to reasonably identify the records sought and DENIED as to Requests (2) through (8). It is further recommended that the motion to dismiss all claims for production of records as moot be DENIED.

### Non-Existent Records

A "record" is defined for purposes of the Public Records Act as

> any document, device, or item, regardless of physical form or characteristic, including an electronic record as defined in section 1306.01 of the Revised Code, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office.

R.C. 149.011(G). A document must be one "created or received by or coming under the jurisdiction of any public office" to meet this definition and thus must exist before it can be the subject of a "records" request. A public office has no duty to provide records that do not already exist or that it does not possess. *State ex rel. Alford v. Toledo Corr. Inst.*, 157 Ohio St.3d 525, 2019-Ohio-3847, 138 N.E.3d 1133, ¶ 5; *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 7-10; *State ex rel. Gooden v. Kagel*, 138 Ohio St.3d 343, 2014-Ohio-869, 6 N.E.3d 471, ¶ 5, 8-9; *State ex rel. Lanham v. Smith*, 112 Ohio St.3d 527, 2007-Ohio-609, 861 N.E.2d 530, ¶ 15.

{¶13} The City asserts that the reports, video, and correspondence described in Requests Nos. (2) through (9), other than as already provided, do not exist. (Response at ¶ 4; Feb. 11, 2021 Fioritto Aff. at ¶ 2-7; Kilbane Aff. at ¶ 3-5.) The Fioritto and Kilbane affidavits are some evidence supporting the non-existence of additional records. *State ex rel. Fant v. Flaherty,* 62 Ohio St.3d 426, 427, 583 N.E.2d 1313 (1992). *See also State ex rel. Toledo Blade Co. v. Toledo-Lucas County Port Auth.*, 121 Ohio St.3d 537,

2009-Ohio-1767, 905 N.E.2d 1221, ¶ 14-15. Once the City denied that requested records existed, it became Patrick's burden to show by clear and convincing evidence that additional records do exist. *Cordell* at ¶ 8.

{¶14} By order of February 19, 2021, the special master directed Patrick to file a reply including:

> A list of all responsive records that she asserts are still being withheld by respondent. Separately identify in as much detail as is known the date, title, author, subject, location, and content of each record that has not yet been provided. Submit any admissible evidence supporting the existence of each record.

Patrick responded that additional phone records, reports, and other items "should exist." (Reply at 1-2.) However, Patrick's reliance on sections of the North Olmsted Police Manual that require "reports" to be submitted under various circumstances creates at best only a presumption, and further fails to establish that the referenced reporting was not effected through the standard law enforcement incident report used in this case. Patrick's inferences are not clear and convincing evidence that any additional report was prepared. A requester's mere belief in the existence of additional records does not constitute the clear and convincing evidence necessary to overcome the City's testimony and establish that responsive documents do exist. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, ¶ 22-26; *State ex rel. Morabito v. Cleveland*, 8th Dist. Cuyahoga No. 98829, 2012-Ohio-6012, ¶ 13.

{¶15} The City's primary testimony regarding the existence of records responsive to the requests is from Detective Charles Fioritto, NOPD public records officer, who attests that "I diligently searched all records in the possession of NOPD and have concluded that the Department is not in possession of any additional records responsive to the Complaint." (Fioritto Aff. at ¶ 4.) "NOPD maintains archives of case files, as Incident No. 09-03740, in both paper and electronic form. I searched these sources and determined that all the officer's narrative reports, witness statements, and medical

records were released with redactions." (*Id.* at ¶ 5.) Fioritto's testimony relevant to each request is as follows:

Request No. (1): *"[Ptl. Gasdick] called Prosecutor Gordillo while at the scene?"*

{¶16} An noted above, this is an improper request for information rather than records. Nevertheless, Fioritto searched and states: "I found no additional responsive public records of such a phone call." (*Id.* at ¶ 4.a.)

Request No. (2): *"Any statement by [Detective Vagase]"*

"I found no additional responsive records of such a statement." (*Id.* at ¶ 4.b.)

Request No. (3): *"Any statement by [Sergeant Walling]"*

"I found no additional responsive records of such a statement." (*Id.* at ¶ 4.c.)

Request No. (4): *"[R]eports by Det. Vagase and Sgt. Walling as well as dispatch reports for all, both of them, and any units from any jurisdiction called to assist."*

{¶17} The first part of this request is merely duplicative of Requests Nos. (2) and (3). With respect to the request for dispatch reports Fioritto responds: "I found additional responsive records attached as Exhibit 1 but NOPD does not possess and is not custodian of records from Olmsted Township or any other jurisdiction." (*Id.* at ¶ 4.d.) In an action to enforce R.C. 149.43(B), a public office may produce requested records prior to the court's decision and thereby render the claim for production moot. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 22. I recommend that the court find this claim is moot to the extent the City has provided records responsive to the request for "dispatch records."

Request No. (5): *"Sgt. Walling's report including his interview of John Patrick."*

"I found no additional responsive records of such a statement." (*Id.* at ¶ 4.e.)

Request No. (6): *"Det. Vagase's report and copies of the video clips placed on CD for prosecutor."*

{¶18} The first part of this request is duplicative of Request No. (2). With respect to the request for video clips described as having been placed on computer disk (CD)

for the prosecutor, Fioritto responds: "I found no additional responsive records of such a video, whether by email, hard drive or CD." (*Id.* at ¶ 4.f.) Fioritto adds further explanation:

> "No video evidence was found to exist on computer hard drives remaining in the possession of NOPD. Detective Vagase's computer hard drive from 2009 no longer exists and no back-up of the data is maintained by NOPD. * * * No computer disk (CD) of the video was found to exist on logs maintained by the property room database (acronym Beast)."

(*Id.* at ¶ 6.)

Request No. (7): *"[T]he name, and report of the officer who went to the hospital with me and my written statement authorizing to press charges against John Patrick."*

{¶19} "I found no additional responsive records of such a report and the only written statement by Requester was released and included in Exhibit E attached to the Complaint." (*Id.* at ¶ 4.g.)

Request No. (8): *"[T]he report submitted to Prosecutor Gordillo."*

{¶20} "I found no additional responsive records of any report, other than or in addition to the NOPD Incident No. 09-03740, that was submitted to the Prosecutor and I have attached the logs of Prosecutor Rulings as Exhibit 2." (*Id.*, at ¶ 4.h.) As with the response to Request No. (4), the City's production during litigation renders the claim moot as to those particular records.

Request No. (9): *"Any records of communications between Mr. Kasaris and any city officials"*

{¶21} "I found no additional responsive records of such communications or record containing such an explanation." (*Id.* at ¶ 4.i.) Fioritto adds further explanation: "My understanding is that the City's email communication archives go back to 2011 and do not include email communication for 2009." (*Id.* at ¶ 6.) The public records officer for the City's Law Department, Ann Marie Kilbane, attests to an earlier search for these communications: "I searched but did not locate any record of such communication in

Law Department and Information Technology did not locate any email communication from 2009." (Kilbane Aff. at ¶ 4.)

{¶22} Based on the evidence before the court, including review of unredacted investigative file records submitted under seal, the special master finds Patrick has not proven by clear and convincing evidence that the records described in the requests existed in the City's files at the time the requests were made, other than those produced by the City during mediation.

**New Request During Litigation Not Actionable**

{¶23} In the reply, Patrick added a new request not mentioned in her public records request or in the complaint. The new request is for a copy of the City's monthly report of domestic violence statistics under R.C. 3113.32. (Reply at 2, item (1)(g).) A public records litigant may not enforce a claim not based on a previously denied request. *State ex rel. Bardwell v. Ohio Atty. Gen.*, 181 Ohio App.3d 661, 2009-Ohio-1265, 910 N.E.2d 504, ¶ 5 (10th Dist.). The special master finds that Patrick's claim for production of "a copy of the Captain's report" is thus unenforceable and should be dismissed for failure to state a claim for which relief may be granted. This conclusion does not restrict Patrick from filing a public records request in the future for the record.

**Conclusion**

{¶24} Upon consideration of the pleadings, attachments, and records filed under seal, the special master recommends the court grant respondent's motion to dismiss the claims for production of records based on Requests Nos. (1) and (9). The special master further recommends the court find that requester has not shown by clear and convincing evidence that respondent has failed to produce any existing record responsive to her requests in violation of R.C. 149.43(B). It is recommended costs be assessed to requester.

{¶25} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after*

*receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*


JEFF CLARK
Special Master


**Filed June 22, 2021**
**Sent to S.C. Reporter 8/2/21**