**[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 208.]**

**NORRIS, APPELLANT, *v.* BUDGAKE, DIR., APPELLEE.**

**[Cite as *Norris v. Budgake*, 2000-Ohio-137.]**

*Public records—Mandamus sought to compel director of county crime laboratory to provide relator access to requested records—Court of appeals' denial of writ affirmed.*

(No. 00-323—Submitted April 25, 2000—Decided June 21, 2000.)

APPEAL from the Court of Appeals for Stark County, No. 1999CA00359.

_____

{¶ 1} In October 1999, appellant, Robert Lee Norris, an inmate at North Central Correctional Institution, requested that appellee, Robert Budgake, Director of the Canton-Stark County Crime Laboratory, provide him with access to the following records: (1) a complete certification of laboratory test capability from October 1992 through July 1993, (2) a written certification of the presence or absence of an "in laboratory" electrophoresis test capability within those dates, and (3) the identity, address, and telephone number of the state, county, city, or federal agency to which the laboratory scientific test capability is certified. Budgake refused Norris's request because he did not have any of the records demanded.

{¶ 2} Norris then filed a complaint in the Court of Appeals for Stark County for a writ of mandamus to compel Budgake to provide access to the requested records under Ohio's Public Records Act, R.C. 149.43. Budgake moved for summary judgment and supported the motion with his affidavit specifying that none of the requested records existed. Norris failed to file any summary judgment evidence to controvert Budgake's affidavit. The court of appeals granted Budgake's motion and denied the writ.

{¶ 3} This cause is now before the court upon an appeal as of right.

_____

*Robert Lee Norris, pro se*.

*Mariella Mestel*, Canton Assistant Law Director, for appellee.

_____

***Per Curiam.***

**{¶ 4}** We affirm the judgment of the court of appeals. Budgake's uncontroverted summary judgment evidence established that the records that Norris requested did not exist. Budgake had no duty to create new documents to satisfy Norris's request. *State ex rel. Taxpayers Coalition v. Lakewood* (1999), 86 Ohio St.3d 385, 389-390, 715 N.E.2d 179, 183; *State ex rel. White v. Goldsberry* (1999), 85 Ohio St.3d 153, 154, 707 N.E.2d 496, 497. And Norris failed to respond by affidavit or as otherwise provided by Civ.R. 56 to set forth specific facts showing the existence of a genuine triable issue that would have precluded summary judgment. See *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197, 1199; Civ.R. 56(E). Therefore, Norris was not entitled to the writ.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____