[Cite as *State ex rel. Sultaana v. Trumbull Corr. Inst.*, 2025-Ohio-893.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO ex rel.
AMIRAH SULTAANA,

Relator,

- vs -

TRUMBULL CORRECTIONAL
INSTITUTION,

Respondent.

CASE NO. 2024-T-0074

Original Action for
Writ of Mandamus

**PER CURIAM**
**OPINION**

Decided: March 17, 2025
Judgment: Writ denied

*Amirah Sultaana*, pro se, 16410 Scottsdale Boulevard, Shaker Heights, OH 44120
(Relator).

*Dave Yost*, Ohio Attorney General, and *Matthew P. Convery*, Senior Assistant Attorney
General, State Office Tower, 30 East Broad Street, 23rd Floor, Columbus, OH 43215
(For Respondent)

PER CURIAM.

{¶1} On September 23, 2024, relator, Amirah Sultaana, filed a "complaint" for a writ of mandamus against respondent, Trumbull Correctional Institution ("TCI"), seeking compliance with a public records request pursuant to R.C. 149.43, pertaining to purported documents and reports relating to an alleged assault which occurred against her son while he was in the custody of TCI. Sultaana also seeks statutory damages based upon the alleged failure of TCI to comply within a reasonable time of her requests.

**{¶2}** The docket reflects that TCI was served with the complaint and later served with supplemental alternative writ issued by this court ordering it to answer or otherwise plead. TCI failed to respond within the timeframe ordered by this court. Subsequently, however, TCI sought an extension of time and filed an answer in which it additionally sought dismissal of the complaint. This court overruled TCI's motion to dismiss and ordered the parties to file motions for summary judgment and set forth deadlines for such filings and briefs in opposition. Motions and memoranda in opposition were filed. For the reasons discussed in this opinion, Sultaana's complaint for relief in mandamus is denied; similarly, her request for statutory damages is also denied.

## FACTUAL AND PROCEDURAL BACKGROUND

**{¶3}** In the complaint, Sultaana alleged her son, Hakeem Sultaana, an inmate of TCI, was allegedly assaulted and thrown into "the hole," (apparently a colloquial term designating segregated confinement). While in "the hole," Sultaana alleged her son was assaulted again. Her son was purportedly hospitalized and "forced to sleep in the suicide watch cell."

**{¶4}** Based upon these allegations, Sultaana made a public records request, which she attached to her complaint. Specifically, Sultaana sought: (1) a copy of the incident report and "a copy of the conduct report and any and all current . . . reports and hearings and documentation regarding sustaining [her son's] segregation status; (2) the names of the individuals that assaulted her son "on Monday, July 8th, 2024"; (3) a copy of the video of the alleged assault; (4) "a copy of the video explaining the reason [her son] was chmical sprayed/ all planned" (sic.); and (5) an ostensible admission regarding whether her son "sustained any known injuries and if so what injuries[.]"

2

Case No. 2024-T-0074

{¶5} On October 2, 2024, this court issued an alternative writ and gave TCI 28 days from service of the petition to file an answer or otherwise plead.

{¶6} The clerk sent the alternative writ by regular mail which was returned on October 11, 2024. On the envelope, the word "Return" was stamped twice with no reason for the return. This court concluded service failed.

{¶7} On November 18, 2024, this court re-issued an alternative writ to ensure service. This court again ordered TCI to file an answer or otherwise plead. On December 4, 2024, this court received documentation that, on November 20, 2024, TCI, via certified mail, received service of the re-issued alternative writ. TCI, however, failed to plead or file a dispositive motion. Meanwhile, Sultaana filed a motion for default judgment.

{¶8} On December 13, 2024, outside the time prescribed by this court to plead, TCI, via the Ohio Attorney General's Office, filed a Request for Enlargement of Time for Good Cause seeking an extension of time to file an answer. TCI premised its request on its contention that it was never served with Sultaana's original complaint. TCI submitted the filing *despite an entry on the docket* demonstrating that service was successful.

{¶9} In its request, TCI asserted that "the U.S. Post Office, or some other agent not affiliated with Respondent, improperly stamped or signed the certified mail proof of service card to [one] Christopher Emerick." According to a supporting affidavit, Ryan Douglas is the "Store Keeper II at [TCI]," whose duties consist of, among others, management of the mailroom, processing incoming and outgoing mail and legal mail, maintaining mailroom records, and coordinating delivery of the mail to the respective recipient.

3

**{¶10}** Douglas averred the party who allegedly signed for receipt of the original complaint was not an employee of the mailroom in September 2024; indeed, Emerick had not worked in the mailroom of TCI since November 2022. Thus, for whatever mysterious reason(s), TCI averred, despite the notation on the docket reflecting otherwise, it was neither served with the original complaint, the alternative writ, or the re-issued writ issued by this court on November 18, 2024. Hence, TCI sought leave to file an answer or dispositive motion.

**{¶11}** Additionally, on December 13, 2024, this court received an answer to Sultaana's complaint. Although the answer sought dismissal on the pleadings, it was not accompanied by a motion to dismiss or any argumentation upon which such a motion might be based. This court subsequently issued a judgment overruling Sultaana's motions for default judgment and motion for reconsideration. TCI's motion to dismiss was also overruled. This court then ordered the parties to file motions for summary judgment and memoranda in opposition. The filings were received and we now proceed to the merits of Sultaana's complaint.

**LAW AND ANALYSIS**

**{¶12}** To be entitled to a writ of mandamus, Sultaana must establish a clear legal right to the requested relief, a clear legal duty on the part of TCI to provide it, and the lack of an adequate remedy in the ordinary course of the law. *See, e.g., State ex rel. Waters v. Spaeth,* 2012-Ohio-69, ¶ 6.

> Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party

4

being entitled to have the evidence construed most strongly in his favor.

*Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-70, 1998-Ohio-389.

{¶13} In her motion for summary judgment, Sultaana essentially re-argues that she is entitled to summary judgment because TCI failed to respond to her complaint after successful service. Sultaana attached the following materials to her motion: her September 23, 2024 complaint for writ of mandamus; a September 19, 2024 affidavit wherein she confirms the materials she is seeking by way of the complaint; a copy of this court's December 27, 2024 judgment overruling various motions and ordering the parties to file motions for summary judgment and memoranda in opposition; judgment and a magistrate order relating to timeframes TCI was required to file an answer or dispositive motion; a copy of the docket in the instant case; a copy of an apparent email chain between Sultaana and the Ohio Department of Rehabilitation and Correction ("DRC") between the dates of May 15, 2024 and July 15, 2024; a copy of the DRC's public records policy; copies of Sultaana's motions for reconsideration and default; a copy of a December 12, 2024 letter from the Ohio Attorney General's Office notifying Sultaana it sought an enlargement of time to file its pleading as well as a copy of the request itself; and copies of Sultaana's oppositions to TCI's motion for enlargement of time and the filing of its answer to the complaint.

{¶14} Initially, each of the attachments appended to Sultaana's motion for summary judgment are in this court's possession. They do not confirm Sultaana's allegations, and Sultaana did not attach an affidavit averring that TCI either failed or refused to comply with her public records request. The attachments therefore do nothing to advance Sultaana's claim that she is entitled to judgment as a matter of law. Indeed,

5

despite Sultaana reiterating her position that she is entitled to default judgment, we conclude the arguments advanced in her motion for summary judgment have been previously rejected or overruled.

{¶15} In this court's December 27, 2024 judgment, we previously determined default judgment is inappropriate in this case. In particular, even though Sultaana claimed service was successful, the record did not support this assertion. In the December 27, 2024 judgment, this court observed:

> The law generally does not favor default judgments. *Russo v. Fonseca*, 2012-Ohio-5714, ¶ 28 (8th Dist.), citing *Wilson v. Lee*, 2007-Ohio-4542, ¶ 15 (2d Dist.). "Fairness and justice are best served when a court disposes of a case on the merits." *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 193 (1982). "Only a flagrant, substantial disregard for the court rules" justifies disposing of a case on procedural grounds. *Id.* (commenting on the disfavor of dismissing a case on procedural grounds, but the policy remains similar for entry of default judgments). Hence, it is a basic tenet of Ohio jurisprudence that cases should be decided whenever possible on their merits after all parties have their day in court. *Hopkins v. Quality Chevrolet, Inc.*, 79 Ohio App.3d 578, 583 (4th Dist. 1992), citing *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3 (1983).
>
> Because there are significant questions regarding whether TCI ever complied with Sultaana's public records requests or, alternatively, whether R.C. Chapter 149 exempts any of the requests, we conclude further proceedings are necessary to effectuate a just and reasonable result in this matter. Awarding Sultaana default judgment, in light of TCI's ultimate (albeit untimely and peculiar) answer would be inappropriate considering the many questions that remain unanswered at this stage of the case.

December 27, 2024 Judgment Entry, pp. 5-6.

6

Case No. 2024-T-0074

**{¶16}** As this court has previously overruled Sultaana's motion for default, and the argument she advances in support of summary judgment mirrors that argument, her position is without merit. Thus, Sultaana's motion for summary judgment is overruled.

**{¶17}** In its motion for summary judgment, TCI asserts it has, in large part, complied with Sultaana's requests in a reasonably, timely manner. And, even where it did not comply, the information requested was either exempted from the Public Records Act or not subject to disclosure because no such records were created.

**{¶18}** Attached to its motion, TCI appended two affidavits with additional attachments supporting the averments in the instruments.

**{¶19}** First, Cheri Kleinknecht, TCI Warden's Administrative Assistant, averred that TCI responded to Sultaana's original July 10, 2024 request and informed her that the documents would be provided within a reasonable time under the circumstances. Kleinknecht averred that the incident triggering Sultaana's request was under investigation before a Rules Infraction Board ("RIB") to determine if any of the inmates involved had violated TCI's institutional rules.

**{¶20}** On July 15, 2024, Kleinknecht emailed Sultaana and informed her that conduct reports are not public records while a case remains open; in particular, the records would not exist until the investigation was closed. Kleinknecht also informed Sultaana that inmate names and numbers are not public records pursuant to R.C. 5120.21(F). (That subdivision provides: "Except as otherwise provided in division (C) of this section, records of inmates committed to the department of rehabilitation and correction as well as records of persons under the supervision of the adult parole authority shall not be considered public records as defined in section 149.43 of the Revised

7

Code."). Kleinknecht additionally advised Sultaana that medical records of inmates were not public records pursuant to R.C. 149.43(A)(1)(a) (public records "does not mean . . . Medical records;") and R.C. 5120.21(C) ("'medical record' means any document or combination of documents that pertains to the medical history, diagnosis, prognosis, or medical condition of a patient and that is generated and maintained in the process of medical treatment").

{¶21} Moreover, Kleinknecht advised Sultaana that any video of the incident/altercation was not available publicly and not a public record because an investigation into the incident was still open.

{¶22} Kleinknecht averred that, on July 19, 2024, the RIB hearing was finalized regarding the incident and Sultaana's son was determined not to have violated any TCI rule. According to Kleinknecht, because no rules were violated, no conduct reports or documents were created or maintained regarding the incident.

{¶23} Sultaana amended her previous request and Kleinknecht provided the documents that were available and responsive to the request. Kleinknecht again informed Sultaana that when an inmate is found "not guilty" after an RIB hearing, TCI does not maintain any documents in its system regarding an alleged matter. Kleinknecht averred that on or about July 25, 2024, Sultaana's son was transferred from TCI to another institution. Sultaana did not contact Kleinknecht again after the transfer. Kleinknecht maintained she responded to Sultaana's requests and worked to assist Sultaana in obtaining all the public records she sought that existed or were not exempt.

{¶24} TCI additionally attached the affidavit of Nathan Harris, a Body Worn Camera Administrator with the Ohio Department of Rehabilitation and Correction

8

("ODRC"). According to TCI, upon discovering Sultaana had filed her complaint for a writ of mandamus, it contacted ODRC to obtain the body-camera footage. To this end, Harris averred he was contacted by the Ohio Attorney General's Office on December 10, 2024 regarding body-worn-camera footage requested by Sultaana. Harris stated he compiled the footage from the incident and redacted portions in which Sultaana's son was in a medical area receiving medical treatment. He also redacted the faces of any inmates not involved in the incident. TCI maintains it immediately provided the camera footage to Sultaana, pursuant to her request.

{¶25} Sultaana's public records request sought copies of the incident report, "conduct report," and reports and hearings pertaining her son's "segregation status;" the names of individuals involved in the July 8, 2024 incident; a copy of the video of the alleged assault as well as a video explaining why her son was chemically sprayed; and an admission regarding whether her son sustained any injuries and if so what injuries.

{¶26} Although a court liberally construes public record requests (in favor of access), a movant must establish entitlement to the requested extraordinary relief by clear and convincing evidence. *State ex rel. Ohio Republican Party v. Fitzgerald*, 2015-Ohio-5056, ¶ 19. "Exceptions to disclosure under the Ohio Public Records Act . . . are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception." (Citations omitted.) *State ex rel. Cincinnati Enquirer v. Jones-Kelley,* 2008-Ohio-1770, ¶ 10. The custodian does not meet this burden if it has not established the requested records fall squarely within an exception. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 27.

Case No. 2024-T-0074

**{¶27}** According to Kleinknecht's affidavit, which was not refuted by any opposing averments, Sultaana's request for conduct reports and other reports could not be satisfied because Sultaana's son was determined not to have violated any institutional rule. Kleinknecht expressly averred that, consistent with TCI's conclusion that Sultaana's son did not violate any internal institutional rules, "no conduct reports or documents responsive to Amirah Sultaana's prior request were created and maintained at TCI." Again, this representation was neither challenged nor refuted by Sultaana. As a matter of law, TCI is under no duty to provide records that did not exist. *State ex rel. McDougald v. Greene*, 2020-Ohio-5100, ¶ 10 ("when a requester seeks a nonexistent record, a public office has no duty to provide it"). *See also Norris v. Budgake,* 89 Ohio St.3d 208, 209, 2000-Ohio-137 (A public office is under no duty to create new documents to satisfy a public-records request.).

**{¶28}** Further, and similar to the previous point, Sultaana's request for documents regarding her son's segregation status (if he was indeed segregated due to the July 8, 2024 incident) would appear to be a request for "information" rather than an existing record. "Requests for information and requests that require the records custodian to create a new record by searching for selected information are improper requests under R.C. 149.43." *State ex rel. Morgan v. New Lexington*, 2006-Ohio-6365, ¶ 30, citing *State ex rel. Lanham v. Ohio Adult Parole Auth.*, 80 Ohio St.3d 425, 427, 1997-Ohio-104 (claim for certain information, i.e., qualifications of agency members, rather than for specific records is informational); *State ex rel. Kerner v. State Teachers Retirement Bd.*, 82 Ohio St.3d 273, 274 1998-Ohio-242 (no duty to create new record by searching for and compiling information from existing records). As Kleinknecht's affidavit

10

demonstrates, no records were created because, after the RIB hearing, Sultaana's son was found not in violation of any TCI policy.

{¶29} Moreover, after the investigation was closed and after TCI was properly served with the underlying complaint, Harris averred he redacted portions of existing video recordings relating to the incident which were exempted. After the redactions, Harris immediately forwarded the footage to the Ohio Attorney General's Office. TCI subsequently provided Sultaana with the requested footage. In this respect, Sultaana's request for the video is moot. *See State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 2009-Ohio-1767, ¶ 14.

{¶30} And, in light of the averments in the affidavits attached to TCI's motion for summary judgment, it does not appear a video explaining why Sultaana's son was "chemically sprayed" was actually created. TCI was under no duty to create such a record and thus this request is not proper under R.C. 149.43. *See New Lexington* at ¶ 30.

{¶31} Finally, as noted above, medical records are not public records. *See* R.C. 149.43(A)(1)(a). Sultaana consequently was not entitled to information regarding what injuries her son sustained. And a request for an admission regarding her son's possible injuries is either a veiled attempt to ignore the exemption relating to medical records or merely a request for "information" that a records custodian was not required to create. *See New Lexington* at ¶ 30.

{¶32} According to TCI's motion (the substance of which Sultaana does not clearly dispute), it responded to Sultaana's request to the extent the records existed and were not excepted. This court fails to discern any additional requests to which Sultaana might

11

be entitled. We therefore grant TCI's motion for summary judgment as there is no genuine issue of material fact to be litigated and TCI is entitled to judgment as a matter of law.

## STATUTORY DAMAGES

**{¶33}** A relator may receive an award of statutory damages even where he or she fails to prevail on a petition for writ of mandamus where the respondent took an unreasonable length of time to produce the records. *State ex rel. Ware v. Stone*, 2022-Ohio-1151, ¶ 25 (5th Dist.). This court has observed:

> "The court may reduce an award of statutory damages or not award statutory damages" if two conditions are satisfied under R.C. 149.43(C)(2). The court must determine that (1) based on the ordinary application of statutory law and case law as it existed at the time of the conduct, a well-informed public office reasonably would believe that the conduct of the public office did not constitute a failure to comply with an obligation under R.C. 149.43(B), *and* (2) a well-informed public office reasonably would believe that the conduct of the public office would serve the public policy that underlies the authority that is asserted as permitting that conduct. R.C. 149.43(C)(2)(a)-(b).

(Emphasis sic.) *State ex rel. Ware v. Andrews*, 2021-Ohio-4257, ¶ 14 (11th Dist.)

**{¶34}** Under the circumstances, the affidavits and attachments demonstrate that TCI complied with Sultaana's requests to the extent the records were available and not exempted. Although the video footage was not compiled until December 10, 2024, the Ohio Attorney General's Office contacted Harris once service of the alternative writ was perfected. The video footage was then promptly provided and TCI complied with the request.

**{¶35}** The original request occurred immediately after the incident on July 8, 2024; the RIB hearing concluded on July 19, 2024; and the matter was disposed of without a finding of any rule violations. No further records were compiled regarding the incident.

12

{¶36} We recognize approximately five months elapsed between the conclusion of the RIB hearing and TCI's compliance with the request. It would appear TCI was diligent in assisting Sultaana in accommodating her requests. In her affidavit, Kleinknecht emphasized that Sultaana repeatedly and continuously contacted her office with modified or amended requests. Because TCI was inundated with these requests, Kleinknecht averred there was some confusion regarding what Sultaana was seeking or whether she had abandoned certain requests. We perceive TCI's actions were consistent with the public policy that public records should be readily available and provided upon proper request. Even though the video footage was not turned over until after the petition was filed, the footage was compiled by Harris and provided to TCI, via the attorney general's office, once service of the alternative writ was properly received.

{¶37} In light of the circumstances and peculiar procedural channels this matter followed, we conclude that TCI did not take an unreasonable amount of time to produce the video footage. TCI, via Harris and the Attorney General's Office, demonstrated it reasonably believed it effectively assisted Sultaana in obtaining the available records, and Kleinknecht's affidavit demonstrates TCI comported with the public policy underlying Ohio's public records law. Accordingly, we conclude Sultaana is not entitled to statutory damages.

ROBERT J. PATTON, P.J., MATT LYNCH, J., EUGENE A. LUCCI, J., concur.

Case No. 2024-T-0074